Filed 6/23/11

# IN THE SUPREME COURT OF CALIFORNIA

JOSEPH L. SHALANT, )
)
      Plaintiff and Appellant, )
)     S182629
      v. )
)    Ct.App. 2/1 B211932
THOMAS V. GIRARDI et al., )
)  Los Angeles County Super. Ct.
      Defendants and Respondents. )      No. BC363843
_____ )
)
JOSE CASTRO, )
)
      Plaintiff and Respondent, )
)
      v. )
)    Ct.App. 2/1 B214302
JOSEPH L. SHALANT, )
)  Los Angeles County Super. Ct.
      Defendant and Appellant. )      No. BC366214
_____ )

      Plaintiff Joseph L. Shalant, having previously been declared a vexatious litigant (Code Civ. Proc., § 391, subd. (b)),[1] was subject to a prefiling order, issued under section 391.7, barring him "from filing any new litigation" (*id*., subd. (a)) in propria persona in a California court without leave of the court's presiding judge. He filed the present litigation through counsel, but lost his representation

_____

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

while the action was pending. On defendants' motions, the trial court dismissed Shalant's complaint on the ground he had not complied with section 391.7. The Court of Appeal reversed, holding section 391.7 applies only to actions *filed* in propria persona by vexatious litigants.

We agree with the Court of Appeal. By its unambiguous terms, section 391.7, subdivision (a) authorizes only a "prefiling" order prohibiting a vexatious litigant from "filing" new litigation without prior permission, and only when the litigant is unrepresented by counsel. Subdivision (c) of the section provides that the court clerk shall not "file" any such litigation without an order from the presiding judge permitting the "filing," and if the court clerk mistakenly "files" the litigation without such an order, the litigation is to be dismissed. Section 391.7's dismissal provision did not apply here because Shalant was not in propria persona when he *filed* the litigation.

This interpretation, which is compelled by the statutory language, does not leave a defendant without protection against a vexatious litigant's continued pursuit of an action initially filed through counsel. In this situation, a defendant in the pending litigation may move for an order requiring the vexatious litigant plaintiff to furnish security. (§ 391.1.) If security is ordered but not furnished, the action is to be dismissed. (§ 391.4.)

## FACTUAL AND PROCEDURAL BACKGROUND

In 2002, in an action unrelated to this one, the superior court entered an order declaring Shalant, an attorney, to be a vexatious litigant as defined in section 391. The court further entered a prefiling order under section 391.7, prohibiting him from "filing any new litigation in propria persona in the courts of California without approval of the presiding judge of the court in which the action is filed." In May 2005, the State Bar Court recommended that Shalant be disbarred and

2

placed him on inactive status. This court ordered Shalant disbarred in December 2005.

On December 22, 2006, Shalant, through Attorney L'Tanya M. Butler, filed the present action against Thomas V. Girardi and National Union Fire Insurance Company (National Union). The action arose from Shalant and Girardi's representation of Jose Castro and his wife in a personal injury suit in which National Union insured the defendant. When the personal injury case settled, Girardi paid Shalant $745,000 of the proceeds pursuant to a fee-splitting agreement, but Shalant alleges he was owed an additional $27,745 in fees and costs.

In May 2007, Attorney James T. Biesty substituted in for Butler as Shalant's attorney. With the exception of one month when Shalant represented himself, Biesty represented Shalant in this action until March 2008, when Butler returned as attorney of record. On June 26, 2008, however, Butler applied, over Shalant's objection, for permission to withdraw as counsel, citing "an irremediable breakdown in the attorney/client relationship." The trial court granted Butler's application on July 15, 2008.

With Shalant now acting in propria persona, Girardi and National Union moved to dismiss his complaint against them under section 391.7. The trial court gave Shalant until September 14, 2008, to retain counsel or obtain permission from the presiding judge to proceed in propria persona, and set a hearing on the motions to dismiss for September 18. On that date, the court granted the motions, finding that Shalant had "failed to rectify his violation under section 391.7." The court entered judgment for National Union, and Shalant (represented by counsel) appealed.

The Court of Appeal reversed the judgment and directed the superior court to deny the motions to dismiss. We granted Girardi and National Union's joint petition for review, which raised only the issue of dismissal under section 391.7.

## DISCUSSION

The vexatious litigant statutes (§§ 391-391.7) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants. (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 220-221.) Sections 391 to 391.6 were enacted in 1963, while section 391.7, the section at issue here, was added in 1990. (Stats. 1963, ch. 1471, § 1, pp. 3038-3039; Stats. 1990, ch. 621, § 3, pp. 3072-3073.)

"Vexatious litigant" is defined in section 391, subdivision (b) as a person who has, while acting in propria persona, initiated or prosecuted numerous meritless litigations, relitigated or attempted to relitigate matters previously determined against him or her, repeatedly pursued unmeritorious or frivolous tactics in litigation, or who has previously been declared a vexatious litigant in a related action. Section 391.1 provides that in any litigation pending in a California court, the defendant may move for an order requiring the plaintiff to furnish security on the ground the plaintiff is a vexatious litigant and has no reasonable probability of prevailing against the moving defendant. The action is stayed pending determination of the motion. (§ 391.6.) If, after a hearing, the court finds for the defendant on these points, it must order the plaintiff to furnish security "in such amount and within such time as the court shall fix." (§ 391.3.) The plaintiff's failure to furnish that security is grounds for dismissal. (§ 391.4.)

"In 1990, the Legislature enacted section 391.7 to provide the courts with an additional means to counter misuse of the system by vexatious litigants. Section 391.7 'operates beyond the pending case' and authorizes a court to enter a

4

'prefiling order' that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge. (*McColm v. Westwood Park Assn.* [(1998)] 62 Cal.App.4th [1211,] 1216.) The presiding judge may also condition the filing of the litigation upon furnishing security as provided in section 391.3. (§ 391.7, subd. (b).)" (*Bravo v. Ismaj*, *supra*, 99 Cal.App.4th at p. 221.)

Section 391.7 did not displace the remedy provided in sections 391.1 to 391.6 for defendants in pending actions; by its terms it operates "[i]n addition to any other relief provided in this title . . . ." (§ 391.7, subd. (a).) Rather, it added a powerful new tool designed "to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs." (*Bravo v. Ismaj*, *supra*, 99 Cal.App.4th at pp. 221-222.)

Once a person has been declared a vexatious litigant, the court, on its own or a party's motion, may "enter a prefiling order which prohibits [the person] from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed." (§ 391.7, subd. (a).) Disobedience of the order is punishable as a contempt. (*Ibid.*) "The presiding judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3." (§ 391.7, subd. (b).) Court clerks are directed not to file litigation from a vexatious litigant subject to a prefiling order without the presiding judge's order permitting the filing. If the clerk mistakenly does file the action, any party may seek dismissal through a notice that the plaintiff is subject to a prefiling order. "The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of that notice obtains an order from the

5

presiding judge permitting the filing of the litigation as set forth in subdivision (b)." (§ 391.7, subd. (c).)

As the court in *McColm v. Westwood Park Assn.*, *supra*, 62 Cal.App.4th at page 1216, footnote 4, explained: "Sections 391.1-391.6 differ from section 391.7 in some significant ways. Under the former sections, the litigant may proceed with the case without showing a reasonable probability of prevailing, but the litigant will have to furnish security to proceed if the court finds success improbable. Under the latter section, the litigant is barred from filing the action or proceeding if success is considered improbable. . . . [¶] Section 391.7's extra burden upon the vexatious litigant arises because a state court has taken a second step in addressing the vexatious litigant problem and has determined that no court or adverse party should be burdened by the particular plaintiff's meritless litigation."

To summarize, our vexatious litigant statutes provide courts and nonvexatious litigants with two distinct and complementary sets of remedies. In *pending* litigation, a defendant may have the plaintiff declared a vexatious litigant and, if the plaintiff has no reasonable probability of prevailing, ordered to furnish security. If the plaintiff fails to furnish the security, the action will be dismissed. (§§ 391.1-391.6.) In addition, a potential defendant may prevent the vexatious litigant plaintiff from filing any *new* litigation in propria persona by obtaining a prefiling order and, if any new litigation is inadvertently permitted to be filed in propria persona without the presiding judge's permission, may then obtain its dismissal. (§ 391.7.)

In the present case, defendants pursued the wrong statutory remedy for the situation in which they found themselves. Although Shalant is a vexatious litigant subject to a prefiling order under section 391.7, he did not violate that order by filing the present action through counsel, and the action was therefore not subject

6

to dismissal as violative of the order. As the Court of Appeal below explained: "The prefiling order entered against Shalant (on a form approved by the Judicial Council) prohibits Shalant 'from filing any new litigation in propria persona in the courts of California without approval of the presiding judge of the court in which the action is to be filed.' . . . [¶] Shalant filed only one civil action or proceeding in this case, namely, his action against Girardi and National Union. He did not file it in propria persona but rather filed it through counsel. Nothing in the prefiling order prohibits Shalant from continuing to *prosecute* or *maintain* an action in propria persona as long as he did not *file* the action in propria persona (and nothing in the statutory language would authorize the issuance of a prefiling order containing such a prohibition). Shalant therefore did not violate the prefiling order, and the trial court erred by granting the motions to dismiss."

Defendants could have proceeded under section 391.1 for an order requiring Shalant to post adequate security before continuing to prosecute his action against them, making it subject to dismissal under section 391.4 if he failed to do so. On remand, they may still pursue this remedy. They could not, however, properly seek dismissal under section 391.7, as it governs only the *filing* of new litigation, and the present action, filed as it was through counsel, did not violate the section 391.7 prefiling order against Shalant.

In concluding otherwise, defendants and the trial court relied on *Forrest v. Department of Corporations* (2007) 150 Cal.App.4th 183 (*Forrest*), which held that "the requirements of a prefiling order, under section 391.7, remain in effect throughout the life of a lawsuit and permit dismissal at any point when a vexatious litigant proceeds without counsel or without the permission of the presiding judge." (*Id.* at p. 197.)

Despite the breadth of its holding, the *Forrest* court may have reached the right result on the facts before it. Forrest, a vexatious litigant subject to a prefiling

7

order, was unrepresented by counsel when she filed the action; she later retained counsel, who filed and served an amended complaint but withdrew before trial. (*Forrest*, *supra*, 150 Cal.App.4th at pp. 188-190.) Thus, Forrest violated the prefiling order when, acting in propria persona, she "file[d] . . . new litigation" without permission of the superior court's presiding judge (§ 391.7, subd. (a); see *Forrest*, at p. 188), and her action was arguably subject to dismissal under section 391.7, subdivision (c) despite counsel's later filing of an amended complaint.[2] The *Forrest* court erred, however, in holding broadly that a prefiling order under section 391.7 "permit[s] dismissal at any point when a vexatious litigant proceeds without counsel or without the permission of the presiding judge." (*Forrest*, at p. 197.) By its terms, the statute and orders made pursuant to it apply only to the vexatious litigant's *filing* of new litigation.[3]

The *Forrest* court noted that in an order barring a vexatious litigant from "filing any new litigation" in propria persona (§ 391.7, subd. (a)), "the word 'new' plainly refers to a civil lawsuit filed *after* entry of the prefiling order. It does not, as Forrest contends, refer to an early procedural stage in the lawsuit." (*Forrest*, *supra*, 150 Cal.App.4th at p. 196.) This observation was correct: An action that was improperly filed in propria persona by a plaintiff subject to a prefiling order remains, under section 391.7, subdivision (c), subject to dismissal at any point in its pendency, not only at the early stages. At the same time, however, the statutory term "filing" plainly refers to *filing* the lawsuit, not to prosecuting or maintaining

---

**2**    We have no occasion here to decide whether, or under what circumstances, the filing of an amended complaint constitutes the filing of new litigation within the meaning of section 391.7.

**3**    We therefore disapprove *Forrest v. Department of Corporations*, *supra*, 150 Cal.App.4th 183, to the extent it held section 391.7 applies to acts other than the filing of new litigation in propria persona.

8

it.  If the plaintiff was represented by counsel when he or she filed the action, section 391.7 does not apply at all.

The *Forrest* court deemed it anomalous for section 391.7's application to be limited to the *filing* of a new lawsuit, given that a person can be declared a vexatious litigant for having "prosecuted" or "maintained" prior unmeritorious litigation in propria persona, or for having filed unmeritorious motions or employed frivolous or delaying tactics in the course of prior litigation.  (§ 391, subd. (b)(1), (3); see *Forrest*, *supra*, 150 Cal.App.4th at p. 197.)  We detect no anomaly.  As previously explained, defendants in a *pending* action brought by a vexatious litigant have a remedy under sections 391.1 to 391.6.  Section 391.7, added in 1990 to supplement those existing statutes, "operates beyond the pending case and affects the litigant's future filings."  (*McColm v. Westwood Park Assn.*, *supra*, 62 Cal.App.4th at p. 1216.)  A potential defendant who, because of a prefiling order under section 391.7, is never sued, is thus also relieved of the burden of defending against a vexatious litigant's unwarranted prosecution of an action or use of frivolous or delaying tactics in its prosecution.  If, as here, the plaintiff is able to file the action through counsel, sections 391.1 to 391.6 continue to provide a remedy against the plaintiff's unjustifiable behavior in the pending case.[4]

---

[4]    Nor does our plain language reading of section 391.7 conflict with the definition of "litigation" in section 391, subdivision (a), as including an action "maintained or pending" in a state or federal court.  That definition, while applicable to section 391.7, does not broaden that statute's exclusive authorization for an order barring a vexatious litigant from "filing" any new litigation without prior permission of the court's presiding judge.  (§ 391.7, subd. (a).)

Defendants observe that "litigation" is defined, for purposes of the vexatious litigant statutes, as "any civil action *or proceeding*" (§ 391, subd. (a), italics added) and that the term "proceeding" can, in some contexts, refer "not only to a complete remedy . . . but also to a mere procedural step that is part of a larger action or special proceeding." (*Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 367, fn. omitted.) From this they argue that a vexatious litigant who is barred by a prefiling order from "filing any new litigation" in propria persona (§ 391.7, subd. (a)), and who becomes self-represented while an action is pending, "cannot take any further procedural steps in the action without first obtaining permission from the presiding judge . . . ."

Reading the vexatious litigant statutes as a collective whole, defendants' construction is not a plausible one. If "litigation" as defined in section 391, subdivision (a) included every motion or other procedural step taken during an action or special proceeding, and that definition were applied throughout the vexatious litigant statutes, several provisions would take on absurd, unworkable, or clearly unintended meanings. Under section 391, subdivision (b)(1), a person could be declared a vexatious litigant for losing five *motions*—all of which might have been filed in the same lawsuit—in a seven-year period. Section 391, subdivision (b)(3)'s reference to "motions, pleadings, or other papers" filed in the course of a litigation would make little sense if every motion, pleading, or paper filed was itself a new litigation. Under section 391.1, the defendant could move for an order requiring the plaintiff to post security each time the plaintiff filed a motion or took any other procedural step. The trial court would then have to hold a hearing—separate from any hearing on the motion itself—and determine whether the plaintiff was reasonably likely to prevail on the motion or other procedural step. (§ 391.2.) On a negative finding, the court would then be

required to order the plaintiff to furnish security, presumably cumulative to any ordered at earlier stages of the action. (§ 391.3.) If the plaintiff failed to provide the security, the action would, according to section 391.4, be "dismissed," though the negative ruling on a motion is ordinarily referred to as a "denial" rather than a "dismissal."

Under section 391.7 itself, defendants' construction of "litigation" would be unworkable. A vexatious litigant in Shalant's position, having filed the action through counsel but then having lost representation, would be required to seek permission of the presiding judge before filing any motion or other paper. The presiding judge of the court would thus be placed in the position of overseeing each procedural step of an action pending in another department and deciding in each instance whether the particular motion, pleading, or paper had "merit." (§ 391.7, subd. (b).)[5] If the clerk inadvertently filed any motion or other paper from the plaintiff, a notice from any other party that the plaintiff was subject to a prefiling order would automatically stay the "litigation" (§ 391.7, subd. (c))—that is, the particular motion filed or other procedural step taken—but the rest of the

---

[5] At oral argument, defense counsel asserted the presiding judge would have to grant permission only for the *first* filing by a newly unrepresented vexatious litigant; counsel further argued the presiding judge would determine the merit or lack thereof of the entire *action*, not the particular filing. These assertions, however, are contrary to defendants' reading of the statutes, under which the phrase "new litigation" in section 391.7, subdivision (a) includes each motion or other procedural step taken by a vexatious litigant in a pending lawsuit. An order under section 391.7, subdivision (a) prohibits the filing of "any" new litigation, not merely the first new litigation, and under subdivision (b) of the section the presiding judge must determine whether "that litigation" has merit and is being filed for purposes other than harassment or delay. The presiding judge, under defendants' interpretation, would therefore have to assess the merits and purposes of *each* new motion or other filing in an action pending in another department.

11

action would not necessarily be stayed at the same time. Pretrial and trial proceedings would be constantly interrupted for trips to the presiding judge's department; an orderly and efficient trial would be impossible. Again, the statute provides that if permission is not granted, an inadvertently filed litigation is to be "dismissed" (*ibid.*), indicating the drafters did not intend each motion, which would ordinarily be granted or denied, but not "dismissed," to be considered a separate "litigation."[6]

Section 391.7, then, is not reasonably susceptible to a reading under which a prefiling order would bar the vexatious litigant from filing motions or other papers in propria persona even when the action (or special proceeding; see §§ 22, 23) was itself properly filed through counsel. Any ambiguity on this point, moreover, would be dispelled by examination of the legislative history behind section 391.7's enactment, which shows a clear focus on precluding vexatious litigants from filing in propria persona unmeritorious new "actions" or "lawsuits."[7] Nowhere in this history is there any suggestion the new section

---

[6] Subdivision (d) of section 391.7 provides that in a proceeding under the Family Code or Probate Code " 'litigation' " *does* include "any petition, application, or motion other than a discovery motion . . . for any order." This provision would be unnecessary if, as defendants argue, "litigation" throughout the vexatious litigant statutes included every motion or other paper filed by the plaintiff.

[7] Senate Bill No. 2675 (1989–1990 Reg. Sess.), by which section 391.7 was enacted (and the vexatious litigant statutes strengthened in other respects), was proposed by the California Attorney General's Office, which, in a letter to the chairman of the Senate Committee on the Judiciary in preparation for a committee hearing, explained that the office "spends substantial amounts of time defending unmeritorious *lawsuits* brought by vexatious litigants." (Deputy Atty. Gen. Jeffrey J. Fuller, letter to Sen. Bill Lockyer re Sen. Bill No. 2675 (1989–1990 Reg. Sess.) Apr. 11, 1990, p. 1, italics added.) The proposed law would address this problem by, among other measures, "[p]roviding for judicial review of subsequent *actions* brought by a vexatious litigant prior to filing." (*Id.* at p. 2, italics added.)

(*footnote continued on next page*)

12

would bar vexatious litigants from filing motions or papers in *pending* litigation. The additional remedy provided by section 391.7 was, instead, "directed at precluding the *initiation* of a meritless lawsuit and the costs associated with defending such litigation." (*Bravo v. Ismaj*, *supra*, 99 Cal.App.4th at p. 222, italics added.)

Defendants argue that interpreting section 391.7 according to its plain language would allow a vexatious litigant to "easily evade the statute simply by finding a lawyer who is willing to put his or her name on the complaint and later substitute out of the case." However, we cannot assume, contrary to the evident premise of section 391.7, that attorneys generally will fail to act as gatekeepers against frivolous litigation. "Attorneys are governed by prescribed rules of ethics and professional conduct, and, as officers of the court, are subject to disbarment, suspension, and other disciplinary sanctions not applicable to litigants in propria

---

(*footnote continued from previous page*)

The committee analysis for the ensuing hearing, in explaining the need for legislation, relayed the Attorney General's concern with the resources spent defending "unmeritorious *lawsuits* brought by vexatious litigants" and his view that the law should be strengthened to "prevent the waste of public funds required for the defense of frivolous *suits*." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 2675 (1989–1990 Reg. Sess.) Apr. 17, 1990, pp. 2-3, italics added.) A later bill summary and a local cost estimate prepared by the Department of Finance stated the bill would "make it more difficult to file frivolous *suits and actions*" by, among other things, "prohibit[ing] court clerks from filing any *suit* by a vexatious litigant unless the presiding judge issues an order permitting such filing." (Dept. of Finance, Analysis of Sen. Bill No. 2675 (1989–1990 Reg. Sess.) May 8, 1990, p. 1, italics added; Dept. of Finance, Local Cost Estimate for Sen. Bill No. 2675 (1989–1990 Reg. Sess.) May 8, 1990, p. 1, italics added.) Finally, in urging the Governor to sign the legislation, the bill's author explained it would "provide for judicial review of subsequent *actions* filed by persons who have been adjudged vexatious litigants." (Sen. Milton Marks, letter to Governor George Deukmejian re Sen. Bill No. 2675 (1989–1990 Reg. Sess.) Sept. 11, 1990, ¶ 3, italics added.)

persona." (*Taliaferro v. Hoogs* (1965) 236 Cal.App.2d 521, 527.) "Since fewer sanctions are available against a *pro per* litigant, the power to declare him vexatious becomes an important tool for the courts to manage their dockets and prevent frivolous claims. Attorneys, on the other hand, are bound by rules of ethics and—perhaps just as importantly—rely on their reputation in the community to sustain their careers. Attorneys therefore are much less likely to file frivolous claims, event [*sic*: even] absent the threat of their clients being declared vexatious litigants." (*Doran v. Vicorp Restaurants, Inc.* (C.D.Cal. 2005) 407 F.Supp.2d 1115, 1118, fn. omitted.) One might add that the threat of malicious prosecution liability for bringing an unmeritorious action or special proceeding without probable cause, while it may do little to deter a vexatious litigant, is likely to have more significance for the vexatious litigant's attorney.[8]

The Legislature's express distinction between litigation filed in propria persona and that filed through an attorney, therefore, is not an absurd one that could not have been intended. Even if a broader rule, barring vexatious litigants from filing *or maintaining* new litigation in propria persona, would serve the statute's purposes better by ending more frivolous litigation more quickly, we have no warrant to ignore section 391.7's unambiguous language in favor of such a rule. As the appellate court below remarked: "We sympathize with the plight of already overburdened trial courts that are forced to contend with the abusive

---

[8]     We express no opinion as to whether section 391.7 may be applied when the record shows the vexatious litigant's attorney has, in filing the action, acted as a "mere puppet[]" of the litigant. (*In re Shieh* (1993) 17 Cal.App.4th 1154, 1167.) The trial court made no such finding in dismissing Shalant's action, and defendants, though they cite *Shieh* as supporting a broad interpretation of section 391.7, do not argue the dismissal should be affirmed on grounds the attorney who filed this action was merely a puppet for Shalant.

14

conduct of vexatious litigants.  But in their efforts to deal with the problem of vexatious litigants, courts must observe the limits set by the applicable statutory scheme.  If those limits are too confining, then it is the function of the Legislature, not the courts, to expand them."  As already noted, defendants here may avail themselves of the remedy under sections 391.1 to 391.6, applicable to pending actions, by seeking an order that Shalant post security to continue his prosecution of this action.

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

**WERDEGAR, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**KENNARD, J.**
**BAXTER, J.**
**CHIN, J.**
**CORRIGAN, J.**
**HILL, J.**\*

---

\*      Presiding Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Shalant v. Girardi

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 183 Cal.App.4th 545
**Rehearing Granted**

_____

**Opinion No.** S182629
**Date Filed:** June 23, 2011

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Teresa Sanchez-Gordon

_____

**Counsel:**

Joseph L. Shalant, in pro. per.; Law Offices of Brian A. Yapko and Brian A. Yapko for Plaintiff and Appellant and for Defendant and Appellant.

Girardi  Keese, Shawn J. McCann; Niddrie, Fish & Buchanan, Law Offices of Martin N. Buchanan and Martin N. Buchanan for Defendant and Respondent Thomas v. Girardi and for Plaintiff and Respondent.

Lewis Brisbois Bisgaard & Smith and Rebecca R. Weinreich for Defendant and Respondent National Union Fire Insurance Company of Pittsburgh, PA.

Garrett & Tully, Ryan C. Squire and Jennifer R. Slater for Los Angeles Society for the Prevention of Cruelty to Animals as Amicus Curiae on behalf of Defendants and Respondents.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Joseph L. Shalant
14924 Camarosa Dr.
Pacific Palisades, CA 90272
(213) 380-2020

Martin N. Buchanan
Law Offices of Martin N. Buchanan
600 B Street, Suite 1900
San Diego, CA  92101
(619) 238-2426