Filed 12/2/13  Rie v. City of Los Angeles CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JIN RIE, | |
| Plaintiff and Appellant, | G046849 |
| v. | (Super. Ct. No. 30-2011-00463588) |
| CITY OF LOS ANGELES, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Ronald L. Bauer, Judge.  Dismissed.

Jin Rie, in pro. per., for Plaintiff and Appellant.

Carmen A. Trutanich, Michael N. Feuer, City Attorney, and Kjehl T. Johansen, Deputy City Attorney, for Defendant and Respondent.

Jin Rie is a vexatious litigant who is subject to pre-filing orders prohibiting him from filing any new litigation in the courts of this state in propria persona without first obtaining leave to do so. (See Code Civ. Proc., § 391.7.) Through an attorney, Rie filed the instant action—a grueling 181-page unintelligible complaint alleging 40 causes of action against 30 defendants, including the City of Los Angeles Police Department (the LAPD).[1] The trial court dismissed the LAPD from the action after its demurrer to the complaint was sustained without leave to amend and Rie appeals. Following the LAPD's dismissal, on a motion filed by a different defendant, the trial court dismissed the entire action with prejudice finding Rie's counsel was a mere puppet and the complaint was filed by Rie in propria persona. That dismissal was not appealed and the ruling is final. Accordingly, we conclude the current appeal has become moot, and we dismiss the appeal.

FACTS & PROCEDURE

Rie is subject to vexatious litigant pre-filing orders issued in 2007 in Los Angeles Superior Court case Nos. BC349526 and BC361268, prohibiting him from filing any new litigation in California courts without first obtaining leave of the presiding judge of the court in which the action is proposed to be filed. On April 5, 2011, Rie, ostensibly represented by an attorney named Hieu D. Do, filed the instant action against 30 named defendants, including: the LAPD, several LAPD police officers; the Los Angeles County Sheriff's Department; the Los Angeles County Superior Court and several of its judges and employees; the State of California; a justice of the Court of Appeal; the Attorney General; the telephone company (AT&T); numerous private attorneys; and numerous other private individuals, including his former landlords

---

[1] As the Los Angeles City Attorney points out, although Rie named the Los Angeles Police Department as defendant, it is not a separate entity and the action is in essence one against the City of Los Angeles. For convenience only we will refer to defendant and respondent in this appeal as the LAPD.

2

Rang and Jonathan Kang. His original 181-page unintelligible complaint (131 pages of pleading plus 50 pages of exhibits) alleged 40 causes of action some of which appear to arise out of a 2006 unlawful detainer action pursued by the Kangs and alleged failures of LAPD officers to investigate repeated criminal complaints Rie subsequently made about the Kangs and others.

On December 16, 2011, the trial court sustained the LAPD's demurrer without leave to amend as to 10 state law causes of action because Rie did not allege compliance with the Government Claims Act. (Gov. Code, § 810 et seq.) The court sustained the LAPD's demurrer to the entire complaint on the grounds of uncertainty or ambiguity but gave Rie leave to amend.

On January 4, 2012, Rie, still ostensibly represented by attorney Do, filed an amended complaint. The amended complaint was paired down by six pages and contained 35 causes of action against the same 30 defendants, including the LAPD. The allegations concerning the LAPD mostly arise from Rie's June 2006 eviction from property he leased from the Kangs. Rie alleged the eviction was the result of perjury, fraud, and a conspiracy. On June 21, 2006, LAPD officers threatened to arrest Rie if he did not comply with the eviction notice and then forced Rie and his mother out of the property. Rie alleged the Kangs and LAPD officers were part of a conspiracy to force him out of the property. Rie alleged that on June 24, 2006, he called the LAPD to protect him from the unlawful eviction, but he was arrested, instead of the Kangs. LAPD personnel made three "mistakes or errors" while Rie was in custody including: they failed to bring him "basic materials," including his driver's license and a phone list, making it difficult to get released on bail; they cut his trouser string, making his prison stay uncomfortable; and they did not inform him it would be difficult to make a collect call from jail. The LAPD then failed to help Rie recover his personal property after the eviction. Rie also alleged he filed "crime report[s]" with the LAPD, against various individuals who he believed had caused him harm, which the LAPD failed to investigate.

3

He specifically referred to reports he allegedly filed December 15, 2008, and March 9, 2009, relating to demands by attorney Eric Morrow for payment of $8,000 in connection with a lawsuit Rie filed against Leanne Montoya (apparently she was the process server who served Rie with the eviction notice). On June 2, 2009, Rie visited the LAPD to renew those crime reports in person, and on June 22, 2009, he wrote a letter to the LAPD expressing outrage about its "serious problems in handling [his] crime reports."

Rie's amended complaint alleged two federal civil rights causes of action against the LAPD under 42 United States Code sections 1983 and 1985. The LAPD filed a demurrer on the grounds the federal civil rights claims were barred by the statute of limitations. The trial court sustained the LAPD's demurrer without leave to amend and on March 22, 2012, entered a judgment dismissing the LAPD, which is the judgment on appeal.[2]

On April 6, 2012, the State of California filed a motion in the trial court for an order to show cause (OSC) re: contempt seeking dismissal of the action due to Rie's violation of the pre-filing orders, or for an order that he furnish security. Rie did not file opposition to the OSC and represented himself at the hearing on the OSC on July 2, 2012. Pursuant to the notice of ruling, the trial court found "Rie is a vexatious litigant, the first amended complaint is incomprehensible and was clearly not prepared by an attorney. For that and other reasons articulated in the motion for order to show cause, it appears that [Rie] was effectively representing himself, and his counsel essentially a 'puppet.' The [c]ourt concluded the proper sanction was to order dismissal of the action, and declined

---

[2]      On April 26, 2012, attorney Do filed a notice of appeal for Rie from the judgment for the LAPD. On May 18, 2012, Rie's appeal was dismissed for failure to pay the statutory filing fee. On June 8, 2012, Do substituted out and Rie substituted in pro. per. Rie obtained relief from the default and has proceeded in pro. per. on this appeal.

4

to prolong the case further by awarding other sanction[s]." The court ordered the entire action dismissed. Rie did not appeal this order. [3]

THE APPEAL IS MOOT

After briefing was completed in this appeal, we invited the parties to submit supplemental briefing on whether in view of the trial court's order dismissing the entire action, the appeal has become moot. In his supplemental letter brief, Rie does not dispute the appeal is moot. Instead, he argues the vexatious litigant pre-filing orders are "extremely wrongful" and are part of the underlying "scheme" being perpetrated by some of the defendants in this case, including Los Angeles County Superior Court Judge Ernest Hiroshige. He references a "new complaint" he filed September 2, 2013, against Judge Hiroshige and someone named Mathew Pappas, alleging they somehow caused him to not appeal from the order dismissing this action.

To determine whether this appeal is moot we apply well-established rules. The duty of the appellate court ""'is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot effect the matter in issue in the case before it.'" [Citation.]" (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) Accordingly, "'[w]hen no effective relief can be granted, an appeal is moot and will be dismissed.' [Citations.]" (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.)

---

[3] Prior to this order, some of the other defendants were dismissed via different procedural mechanisms. A group of attorney defendants were dismissed via a successful special motion to strike the first amended complaint (Code Civ. Proc., § 425.16), and were awarded their attorney fees. The Los Angeles County Superior Court, its judges and the appellate court justice were dismissed after their demurrer to the first amended complaint was sustained without leave to amend. Rie did not appeal those dismissal orders. The trial court also sustained the Kangs' demurrer to the first amended complaint with 10 days leave to amend as to certain causes of action, but following the July 2, 2012, order dismissing the entire action, no further filings were made.

Here, there is no relief that can be granted through this appeal. Rie appeals from the dismissal of the LAPD from this action—a dismissal obtained because Rie failed to plead compliance with the Government Claims Act and because his federal civil rights causes of action were time-barred. But even were we to overturn that ruling, there is no effective relief that can be afforded. The trial court has since dismissed the entire action for a different reason—Rie's violation of the pre-filing orders. (Code Civ. Proc., §§ 391.1- 391.7.) Although it was filed by an attorney, the trial court found the completely incomprehensible complaint was not prepared by an attorney, but that Rie was representing himself and his counsel was a mere puppet. (See *In re Shieh* (1993) 17 Cal.App.4th 1154, 1166-1168 (*Shieh*); *Muller v. Tanner* (1969) 2 Cal.App.3d 438, 444.)[4] That ruling was not appealed, and it has become final. Even if we were to reverse the judgment against the LAPD, there is no underlying action to go back to. This is not a case in which we should exercise out inherent power to decide a technically moot appeal when the issues presented are important and of continuing interest (*Burch v. George* (1994) 7 Cal.4th 246, 253, fn. 4), or are likely to recur yet evade review (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1190, fn. 6).

---

[4] In *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1168 (*Shalant*), our Supreme Court clarified that Code of Civil Procedure section 391.7, applies only to new "actions *filed* in propria persona by vexatious litigants," and not to litigation filed by counsel even if the vexatious litigant "lost his representation while the action was pending." However, citing *Shieh, supra,* 17 Cal.App.4th 1154, the Supreme Court specifically "express[ed] no opinion as to whether [Code of Civil Procedure] section 391.7 may be applied when the record shows the vexatious litigant's attorney has, in filing the action, acted as a 'mere puppet[ ]' of the litigant. [Citation.] The trial court made no such finding in dismissing Shalant's action, and defendants . . . do not argue the dismissal should be affirmed on grounds the attorney who filed this action was merely a puppet for Shalant." (*Shalant, supra,* 51 Cal.4th at p. 1176, fn. 8.) Here, the trial court specifically found Do was merely acting as a puppet for Rie and this action was in fact one filed in propria persona.

6

DISPOSITION

The appeal is dismissed as moot.  Respondent is awarded its costs on appeal.


O'LEARY, P. J.

WE CONCUR:


RYLAARSDAM, J.


ARONSON, J.

7