Filed 12/17/21  Zhang v. Li CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| DAVID ZHANG,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES LI,<br><br>Defendant and Appellant. | B302917<br><br>(Los Angeles County<br>Super. Ct. No. GC038906) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William D. Stewart, Judge.  Affirmed.

James Li, in pro. per., for Defendant and Appellant.

Garrett & Tully, Candie Y. Chang for Plaintiff and Respondent.

_____

# BACKGROUND

## A.  Chui Litigation and *Li I*

Attorney James Li represented Michael Chui in a quiet title action and extended to Chui a line of credit to finance the litigation.  Chui secured the credit line by giving Li five deeds of trust encumbering the subject property.  On October 6, 2010, the trial court entered judgment in the quiet title action and ordered "partition of the property by sale," but the proceeds were insufficient to cover Li's attorney fees.

Li, not Chui, moved on his own behalf to vacate the judgment on the ground that proceeds from the sale would not cover his attorney fees.  The trial court denied the motion and we affirmed, concluding that Li has no cognizable interest in being paid for his legal services specifically from the judgment proceeds.  He was therefore not aggrieved by any purported insufficiency in the judgment and had no standing to have it vacated. (*Tsui v. Li* (Sept. 26, 2011, B229644) [nonpub. opn.] (*Li I*).)  We issued our remittitur in *Li I* on November 30, 2011.

## B.  Zhang Litigation

On remand, the property could not be sold because Li refused to release his interest in Chui's 50 percent share until his legal fees were paid.  To overcome this obstacle, in July 2012 the trial court directed the clerk of the court to issue reconveyance deeds to transfer Li's five trust deeds back to Chui (the July 2012 order).

The property was then sold to David Zhang, who moved for leave to intervene in the action and filed a complaint-in-intervention in which he sought a declaration that he held undivided title to the property.

2

## C. August 29, 2016 Quiet Title Judgment and Appeal in *Li II*

On August 29, 2016, the trial court entered judgment after a bench trial, declaring that Li was bound by the July 2012 order and had no interest in the property, and Zhang held title free of legal encumbrance. Li filed a motion to vacate the judgment on the ground that the July 2012 order was void, which the trial court also denied.

On appeal, Li contended the July 2012 order was void because the court lost jurisdiction over the subject property either 180 days after entry of the October 2010 judgment in the Chui action or upon remittitur after the prior appeal.

We rejected Li's contention and affirmed the August 29, 2016 quiet title judgment, holding:

"It is fundamental in the nature of partition proceedings that court orders concerning sale of property and distribution of proceeds must be effectuated after judgment is entered, sometimes long after. Such factors as the condition of the property and uncertainties in the real estate market make the timing of sale uncertain, and it is not uncommon for matters to drag on for months or even years. A trial court may expressly reserve jurisdiction to act in the event the parties fail to comply with provisions of the judgment, but it need not do so, as Code of Civil Procedure section 872.120 (section 872.120) confers continuing jurisdiction by authorizing the court in a partition action to 'hear and determine all motions, reports, and accounts and . . . make any decrees and orders necessary or incidental to carrying out the purposes of [section 872.010 et seq.] and to effectuating its decrees and orders.' The Law Revision Commission noted that 'while partition actions in California are a

creature of statute [citation], they are nonetheless equitable in nature [citation], and the statutory provisions are to be liberally construed in aid of the court's jurisdiction.' (Cal. Law Revision Com. com., Deering's Ann. Code Civ. Proc. (1996 ed.) foll. § 872.120, p. 193.)

" 'Where equity has acquired jurisdiction for one purpose, it will retain that jurisdiction to the final adjustment of all differences between the parties arising from the causes of action alleged.' [Citation.]

"Here, section 872.120 vested the trial court with jurisdiction to issue orders, including the July 2012 order, necessary to effectuate its October 2010 partition judgment." (*Zhang v. Li* (Feb. 5, 2019, B279399) [nonpub. opn.], fn. omitted (*Li II*).)

We issued our remittitur in *Li II* on April 9, 2019.

**D.     Vexatious Litigation**

During the pendency of this litigation, Li recorded five notices of lis pendens against the subject property, the first three of which were expunged; filed about a dozen dispositive motions, including three motions to vacate the August 29, 2016 quiet title judgment, all of which were either withdrawn or denied; and instituted foreclosure proceedings against Zhang three times, all of which he voluntarily dismissed.  Most if not all of Li's efforts were founded on the argument that the court lacked jurisdiction to "divest Chui's interest to Zhang."

On April 15, 2019, six days after our *Li II* remittitur affirming the August 29, 2016 quiet title judgment, Li filed his fourth motion to vacate that judgment.

On April 29, 2019, Zhang responded by moving to declare Li to be a vexatious litigant.

4

The trial court found that Li had "filed five unmeritorious actions within the last seven years, made attempts to repeatedly relitigate the validity of the court's determination regarding Zhang's ownership of the Property, and had repeatedly filed unmeritorious and frivolous motions and pleadings."

The court declared Li a vexatious litigant and issued a prefiling order against him, and later denied his motion to vacate the order.

## DISCUSSION

### A. The Order is Appealable

As a preliminary matter, Zhang argues that Li's appeal must be dismissed because an order deeming a party to be a vexatious litigant is nonappealable. The argument is without merit.

Code of Civil Procedure section 391.7, subdivision (a),[1] provides: "In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed. Disobedience of the order by a vexatious litigant may be punished as a contempt of court."

A "prefiling order contemplated by section 391.7, subdivision (a) *is* an injunction. It is, literally, an order requiring [a party] to refrain from doing a particular act—filing any new litigation without certain permission." (*Luckett v. Panos* (2008)

---

[1] Undesignated statutory references will be to the Code of Civil Procedure.

5

161 Cal.App.4th 77, 85.) An order granting an injunction is appealable. (§ 904.1, subd. (a)(6).)

## B. Li's Motion to Vacate the Prefiling Order was Properly Denied

### 1. Standards of Review

" 'A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment.' [Citation.] Questions of statutory interpretation, however, we review de novo." (*Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1498-1499.)

### 2. Jurisdiction

Li contends the court had no jurisdiction to consider Zhang's vexatious litigant motion, filed April 29, 2019, because our April 9, 2019 remittitur in *Li II* finalized the action. We disagree.

"The vexatious litigant statutes (§§ 391-391.7) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169.)

As noted above, section 391.7 authorizes a court to enter a prefiling order prohibiting a vexatious litigant from filing any new litigation. Section 391.7 therefore " 'operates beyond' " any pending case. (*Shalant v. Girardi*, *supra*, 51 Cal.4th at p. 1170.)

Accordingly, even had the trial court not retained, as we described in *Li II*, "jurisdiction to the final adjustment of all

6

differences between the parties arising from the causes of action alleged," and even had Li himself not filed the motion that prompted Zhang to have him declared a vexatious litigant, the trial court would have still had the authority to declare Li a vexatious litigant outside any pending litigation.

Li argues that section 391.7 relief "is supplemental" to section 391.1 relief, pursuant to which a court may require a vexatious litigant plaintiff to furnish security in "litigation pending in any court of this state."[2]  Li reasons that because section 391.7 provides for a prefiling order "[i]n addition to any other relief provided in this title," such an order is available only as a supplement (or "addition") to section 391.1 relief.  If section 391.1 relief is unavailable, he argues, for example because no litigation is pending, then no foundation exists upon which to append a section 391.7 prefiling order.  Here, he argues, our remittitur finalized the case, so there was no pending litigation in which to enter a prefiling order.  We disagree with Li's construction of the phrase "in addition to any other relief."

The phrase "in addition" means "independent of," not "supplemental to."  Pursuant to section 391.7, therefore, a prefiling order is independent of any other relief pertaining to

_____

[2] Section 391.1 provides:  "In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3.  The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant."

7

vexatious litigants, and of any prerequisites thereto. (See *Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1024 [vexatious litigant relief available even after dismissal]; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 222-223 [no action need be pending for a vexatious litigant order to issue].)

A contrary rule would enable a vexatious litigant to file frivolous motions in inactive cases with impunity.

### 3. Merits

Li argues the trial court abused its discretion in finding him to be a vexatious litigant. We disagree.

" 'Vexatious litigant' means a person who does any of the following: [¶] (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person . . . . [¶] (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined. [¶] [or] (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subds. (b)-(d).)

Here, the record shows, and Li does not dispute, that Li filed five unmeritorious actions within the last seven years,

8

repeatedly relitigated the validity of the court's determination regarding Zhang's ownership of the subject property, and repeatedly filed unmeritorious and frivolous motions and pleadings, including on April 15, 2019, a fourth motion to set aside and vacate the August 29, 2019 judgment. The court was therefore well within its discretion to find Li to be a vexatious litigant.

Li argues that even if his multiple efforts proved fruitless, the court abused its discretion in declaring him a vexatious litigant because "lawyers and judges are human beings capable of making mistakes." He observes that "[o]ver 2.5 years had gone by without [him] filing any failed motion before . . . the [substantively identical] 2019 . . . motion," which "indicates that [he] has grown from his legal errors." However, in the next breath he argues his "mistakes had more legs to stand on than the judge or respondent's errors."

We acknowledge that judges, like other lawyers, can make mistakes. But this is not about honest mistakes, it is about refusal of correction and, more broadly, disregard for our legal system. Our system simply cannot function without some conception of finality. Rightly or wrongly, at some point every dispute must end. If a litigant rejects this value, as Li repeatedly (and here expressly) has, the court must intervene.

9

## DISPOSITION

The judgment is affirmed.  Respondent is to recover his costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.