**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AT&T MOBILITY, LLC,

        Plaintiff,

  v.

ED BOWLIN; CONNIE BOWLIN;
AVIATION AUTOGRAPHS; BOWLIN
& ASSOCIATES, INC.,

        Defendants-cross-
        defendants-Appellees,

LAW OFFICES OF JOANNA R.
MENDOZA, P.C.; DE LA PENA &
HOLLIDAY, LLP; LESSER LAW
GROUP,

        Defendants-cross-
        defendants,

  v.

CHARLES E. YEAGER,

        Defendant-cross-claimant,

VICTORIA YEAGER,

No. 20-17253

D.C. No.
2:13-cv-00007-KJM-DB

MEMORANDUM[*]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

```
                          Intervenor-Defendant-
                          Appellant,

        v.

        PARSONS BEHLE & LATIMER,

                          Intervenor-Plaintiff.
```

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted March 18, 2022
San Francisco, California

Before: W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

Intervenor-Defendant-Appellant Victoria Yeager ("Yeager"), widow of the late General Charles "Chuck" Yeager ("Gen. Yeager"), appeals from the district court's grant of the anti-SLAPP motion to strike of Cross-Defendant-Appellees Connie Bowlin, Estate of Ed Bowlin, Aviation Autographs, and Bowlin & Associates (collectively, "Bowlin"), and from the district court's order declaring Yeager to be a vexatious litigant.[1] This appeal arises from an interpleader action initiated to resolve competing claims to a judgment secured by Gen. Yeager

---

[1] We dismiss Gen. Yeager as a party to this appeal because he was not a party to the cross-complaint or the vexatious litigant order. We also dismiss Victoria Yeager's motion to substitute as moot (Docket Entry No. 47).

against AT&T Mobility, LLC.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. We review orders on anti-SLAPP motions de novo.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003).  California's anti-SLAPP statute allows Bowlin to move to strike Yeager's complaint if the complaint "aris[es] from any act of [Bowlin] in furtherance of [their] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue."  Cal. Civ. Proc. Code § 425.16(b)(1).

We engage in a two-part inquiry in considering a motion to strike under the anti-SLAPP statute.  First, Bowlin "must make an initial prima facie showing that [Yeager's] suit arises from an act in furtherance of [Bowlin's] rights of petition or free speech."  *Vess*, 317 F.3d at 1110 (internal quotation marks omitted).  "A cause of action 'arising from' [Bowlin's] litigation activity may appropriately be the subject of a section 425.16 motion to strike."  *Rusheen v. Cohen*, 128 P.3d 713, 717–718 (Cal. 2006) (internal quotation marks omitted).  Second, "once [Bowlin] has made a prima facie showing, the burden shifts to [Yeager] to demonstrate a probability of prevailing on the challenged claims."  *Vess,* 317 F.3d at 1110 (internal quotation marks omitted).

Yeager challenges the district court's holding only as to the first part of the inquiry, so she has waived any challenge as to the second. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Yeager argues that the "true gravamen" of her cross-complaint was to compel the "simple accounting of all sums collected by Bowlin" and did not arise from Bowlin's protected activity of petitioning the courts. However, Bowlin collected those sums exclusively through judicial channels in order to satisfy a prior judgment against Gen. Yeager. *See Yeager v. Bowlin*, 693 F.3d 1076 (9th Cir. 2012). That Bowlin satisfied the judgment exclusively through the courts necessarily means that Yeager's cross-complaint arises from Bowlin's protected activity. Cal. Civ. Proc. Code § 425.16(e)(2) (including in the right to petition any "written or oral statement or writing made in connection with an issue . . . under review by a . . . judicial body"); *see Rusheen,* 128 P.3d at 719; *see also Kashian v. Harriman*, 120 Cal. Rptr. 2d. 576, 588 (Cal. Ct. App. 2002) (observing that California courts "have adopted a fairly expansive view of what constitutes litigation-related activities within the scope of section 425.16"). The district court thus did not err in granting Bowlin's motion to strike.

2. We review a vexatious litigant declaration and corresponding pre-filing restrictions for abuse of discretion. *Molski v. Evergreen Dynasty Corp*., 500 F.3d

1047, 1056–57 (9th Cir. 2007). A vexatious litigant is a "persistent and obsessive litigant[] who, repeatedly litigating the same issues through groundless actions, waste[s] the time and resources of the court system and other litigants." *Shalant v. Girardi*, 253 P.3d 266, 269 (Cal. 2011). A court may declare a litigant vexatious if she "repeatedly files unmeritorious motions, pleadings, or other papers" or "engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Cal. Civ. Proc. Code § 391(b)(3). In order for a court to impose restrictions that limit a litigant's ability to make additional *pro se* filings on the basis of that declaration, four requirements must be met.

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

*Molski*, 500 F.3d at 1057 (internal quotation marks and citations omitted).

Yeager challenges only the adequacy of the record that the district court compiled for review. In compiling the record, the district court took judicial notice of Yeager's frivolous *pro se* filings in the case in which Bowlin secured the original judgment, which Yeager does not challenge. Although the district court took care to compile materials in addition to those contained in the interpleader

5

action, we note that the record in the interpleader action considered alone provides a sufficient basis for the district court's pre-filing restrictions. We conclude that the district court did not abuse its discretion in declaring Yeager to be a vexatious litigant or in imposing the pre-filing restrictions.

**AFFIRMED.**