Filed 10/13/22  Olson v. Hornbrook Community Services Dist. CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| KIMBERLY R. OLSON, | C092957 |
| Plaintiff and Appellant, | (Super. Ct. No. SCCVPT161089) |
| v. | |
| HORNBROOK COMMUNITY SERVICES DISTRICT, | |
| Defendant and Respondent. | |

Appellant Kimberly R. Olson appeals the trial court's order granting respondent Hornbrook Community Services District's motion to adjudge appellant a vexatious litigant and require her to seek prior approval to file new litigation.  The trial court found appellant commenced seven litigations that were determined adverse to her in the prior seven years.  On appeal, appellant makes two primary arguments:  (1) The trial court improperly double counted two appeals because the trial court also counted the underlying trial court actions; and (2) a settlement agreement covering one case disallows

1

it from being considered an adverse decision.  Rejecting appellant's first argument, we find an appeal is a distinct "litigation" that may be counted independently of a trial court litigation.  Because resolution of the first argument disposes of the appeal, we affirm.

BACKGROUND

On September 19, 2016, appellant filed a complaint alleging respondent violated various provisions of the Brown Act[1] during a meeting held on August 16, 2016.  On May 13, 2020, respondent filed a motion in the trial court to adjudge appellant a vexatious litigant, alleging that in the previous seven years she had filed seven actions in propria persona that were eventually determined against her.  Three were in the Siskiyou County Superior Court:

1.  *Olson v. Siskiyou County et al.*, case No. 2012-0991 (entered on Oct. 16, 2013)
2.  *Olson v. Hanson*, case No. 2014-0672 (entered on July 1, 2015)
3.  *Olson v. Hornbrook Community Services District*, case No. 2017-0327 (entered on June 11, 2018)

Four were appeals with this court:

1.  *Olson v. George*, appeal No. C069332 from case No. 2010-1640 (affirmed June 26, 2013)
2.  *Olson v. Buttram et al.*, appeal No. C071549 from case No. 2010-1699 (affirmed Apr. 2, 2014)
3.  *Olson v. Siskiyou County et al.*, appeal No. C075122 from case No. 2012-0991 (affirmed July 25, 2017)
4.  *Olson v. Hornbrook Community Services District*, appeal No. C086760 from case No. 2017-0327 (affirmed July 15, 2019)

---

[1]  Ralph M. Brown Act (Gov. Code, § 54950 et seq.).

On July 24, 2020, the trial court held a hearing on respondent's motion. Respondent called its attorney's law clerk to testify regarding the documents supporting the motion. She testified to appellant losing seven cases in the last seven years, with two of them being losses on appeals after losses at the trial court. Respondent moved to enter the documents into evidence and appellant objected. The trial court offered to go through the actual court files it had on its own for these cases to confirm the accuracy of the exhibits. Appellant responded, "I don't want to add more burden to the Court, so I'm not going to require that." The documents were admitted into evidence and appellant offered no evidence of her own. The parties then presented arguments, focusing on whether a loss at the trial court and then a loss at the appellate court is one loss for purposes of the vexatious litigant statutes, and whether a settlement agreement purporting to cover case No. 2014-0672 disallowed that case from being considered adverse to appellant.

The court found it was "persuaded that within the last seven years [appellant] has initiated or litigated five or more actions that were unsuccessful." The trial court therefore adjudged appellant a vexatious litigant and issued a prefiling order under Code of Civil Procedure section 391.7.[2]

DISCUSSION

Reiterating her arguments made below, appellant contends the trial court erred in finding her a vexatious litigant because three of the cases cannot be counted as adverse litigations against her: (1) Two appeals—case Nos. C075122 and C086760—are not litigations because the court also counted the underlying superior court cases, resulting in impermissible double counting; and (2) the settlement agreement for case No. 2014-0672 prohibits her from being considered the nonprevailing party for that case.

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

Under section 391.7, a court may, on its own motion or by motion of a party, "enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." Section 391 provides the definitions for the vexatious litigant provisions. (§ 391 ["As used in this title"].) Under this section, a "[v]exatious litigant" means a person that has, in the last seven years, "commenced, prosecuted, or maintained in propria persona at least five litigations . . . finally determined adversely to the person." (§ 391, subd. (b)(1).) A "litigation" is defined as "any civil action or proceeding, commenced, maintained or pending in any state or federal court." (§ 391, subd. (a).)

" 'A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment.' " (*Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1498-1499.) "To the extent we are called upon to determine the proper interpretation of a statutory provision, we do so independently under a de novo review." (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 408.)

Appellant does not contest four of the cases the trial court relied on. So, rejecting either of appellant's primary arguments will mean at least five cases were validly found as adverse litigations against her, resulting in substantial evidence supporting the trial court's order. We address appellant's first argument and affirm.

We agree with the many courts that have found an "appeal constitutes 'litigation' " for purposes of the vexatious litigant statutes. (*In re Kinney* (2011) 201 Cal.App.4th 951, 958; *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1170 [" '[m]anifestly, "any civil action or proceeding" includes any appeal or writ proceeding' "].) Section 391, subdivision (a) broadly defines "litigation" to be a civil action or *proceeding*; an appeal is a proceeding. (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 374 ["An appeal is '[a]

4

proceeding undertaken to have a decision reconsidered by bringing it to a higher authority' "].)  Section 391.7 also uses the term "presiding justice" to provide appellate courts jurisdiction to mitigate vexatious litigation.  (*John v. Superior Court* (2016) 63 Cal.4th 91, 98 [finding the use of " 'justice' . . . mak[es] clear that the statute applies to vexatious litigant plaintiffs in both the trial and appellate courts"].)  Appellant is correct that this provision applies to already determined vexatious litigants being barred from filing an appeal without the proper preapproval.[3]  But this is not a meaningful distinction because "litigation" has the same definition throughout the vexatious litigant statute.  The statutory definition for litigation under section 391 applies to "this title," meaning sections 391 through 391.8.  We cannot apply two different definitions of litigation in two different sections of this title.  Thus, a lost appeal may be counted as a lost *litigation* under section 391 just as a vexatious litigant may be required to obtain prior approval to file a new *litigation* with an appellate court under section 391.7.[4]

This conclusion is consistent with the statute's purpose.  The vexatious litigant statute focuses on " 'whether the litigant[']s actions are unreasonably impacting the objects of appellant's actions and the courts as contemplated by the statute.' "  (*In re*

---

[3]  We granted appellant's request to file this appeal as a previously declared vexatious litigant.

[4]  Appellant asserts we found otherwise in a related case:  *Olson v. Hornbrook Community Services Dist.* (2019) 33 Cal.App.5th 502.  In that case, another panel of this court denied a motion to find another party a vexatious litigant because that party had "not initiated new litigation as prohibited by the court's order, but continued to pursue an action he initiated when he was not a vexatious litigant." (*Id*. at p. 528, fn. 17.)  This does not purport to find "litigation" does not cover appeals.  Instead, this statement confirms prefiling may be required under section 391.7 to file an appeal depending on when the appeal was filed and when the party was declared a vexatious litigant. (See *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1172 [finding § 391.7 does not bar a vexatious litigant from maintaining a litigation with hired counsel because no new litigation was filed].)

5

*Kinney*, *supra*, 201 Cal.App.4th at p. 958.)  Appealing a loss at the trial court compounds the burden on the opposing party and the courts.  After successfully defending a litigation at the trial court, the opposing party now must defend another litigation at the appellate court.  And not counting appeals as adversely determined litigations could potentially allow a litigant to subvert the statute's purpose by filing numerous frivolous appeals without the risk of him or her being declared a vexatious litigant.

Applied here, appellant losing at the trial court level and then losing at the appellate level counts as two losses for purposes of finding her a vexatious litigant.  The trial court therefore properly counted the two cases appellant now challenges.  And with the four she never challenged, there were at least six litigations the trial court could validly rely on as being found adverse against appellant in the previous seven years.

A final underlying argument made throughout appellant's briefs here and with the trial court is that there was never any evidence or accusations these previous litigations were "wrongful or inappropriate."  But the statute does not require such a finding.  (*Holcomb v. U.S. Bank Nat. Assn.*, *supra*, 129 Cal.App.4th at p. 1504 [§ 391, subd. (b)(1) "allows a litigant to be declared vexatious in a case—without regard to the litigant's behavior in that case"].)  The trial court was within its discretion to find she is a vexatious litigant if there is evidence appellant commenced five litigations that were found adverse to her within seven years.  Concluding there were at least six, we find the trial court's order was supported by substantial evidence.

# DISPOSITION

The trial court's order is affirmed.


_/s/_

BOULWARE EURIE, J.

We concur:


_/s/_

MAURO, Acting P. J.


_/s/_

HOCH, J.