Filed 4/8/22  Bauman v. Wells Fargo Bank CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JORDANA BAUMAN, Plaintiff and Appellant, v. WELLS FARGO BANK, N.A., Defendant and Respondent. | D078697 (Super. Ct. No. 37-2019-00013452-CU-OR-CTL) |

APPEAL from orders of the Superior Court of San Diego County, Ronald F. Frazier, Judge.  Affirmed.

Jordana Bauman, in pro. per., for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton and Kerry W. Franich for Defendant and Respondent.

I.

INTRODUCTION

Plaintiff Jordana Bauman filed the underlying action against Wells Fargo Bank, N.A. (Wells Fargo) and other defendants, based on Bauman's

allegations that Wells Fargo wrongfully foreclosed on her home. Bauman is appealing from two orders that the trial court issued in the underlying proceeding; Bauman seeks reversal of the trial court's order declaring her a vexatious litigant and its subsequent order requiring her to obtain the approval of the court before filing additional litigation.

We conclude that the inadequacy of the record provided on appeal is such that Bauman cannot demonstrate reversible error. We therefore affirm the orders of the trial court.

II.

BACKGROUND

Bauman filed this action in March 2019. Deficiencies in the record on appeal make it difficult to ascertain precisely what occurred as the litigation proceeded.[1] A copy of the trial court's register of actions that is included in the record reflects that a number of motions and requests were filed in the case between the filing of the complaint and August 2020, when Wells Fargo filed a renewed motion for entry of a vexatious litigant prefiling order.[2]

According to the register of actions, Wells Fargo filed a request for judicial notice in conjunction with its motion for entry of a vexatious litigant prefiling order. The register of actions also reflects that Bauman filed an opposition to the motion.

---

[1] Documents in the record appear to demonstrate that Bauman was engaged in at least one other separately filed action against defendant Wells Fargo while this case was proceeding.

[2] The register of actions shows that Wells Fargo initially sought a vexatious litigant prefiling order in November 2019. The record does not include the moving papers for this motion or the court's order with respect to the motion.

2

None of the papers or evidence that the parties submitted with respect to Wells Fargo's motion was designated to be included in the Clerk's Transcript on appeal.  As a result, these documents are not in the record.

The record does include the trial court's January 28, 2021 order granting Wells Fargo's "Renewed Motion for Vexatious Litigant Pre-Filing Order."  In the order, the court states:

> "Plaintiff asserts she was not properly served with the moving papers.  However, the minute order from the last hearing states '[u]pon the court's inquiry, plaintiff stipulates to accept electronic service from defendant(s).' (ROA 146.)  Wells Fargo's proof of service indicates Ms. Bauman was served by email per that stipulation, and a copy was also sent to Ms. Bauman's home address by overnight mail.  Further, the court observes Ms. Bauman's opposition thoroughly discusses the moving papers, and that she was able to file an opposition more than a month before the hearing.  In light of these facts, the court concludes that either Ms. Bauman was properly served, or was at least able to obtain the moving papers in some way in sufficient time to prepare a timely opposition to the motion.

> "Based on the evidence submitted by Wells Fargo demonstrating Ms. Bauman has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court in the immediately preceding seven-year period that have been finally determined adversely to [her], the court finds Plaintiff Jordana Bauman to be a vexatious litigant.  (Code Civ. Proc. § 391(b)(1)(i).)

3

"Pursuant to Code of Civil Procedure section 391.7 the court enters a prefiling order prohibiting Ms. Bauman from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. The clerk of court is directed to provide the Judicial Council with a copy of this prefiling order. (Code Civ. Proc., § 391.7, subd. (f).)

"Wells Fargo's requests for judicial notice are granted."

On February 2, 2021, the trial court issued a subsequent confirming order titled "PREFILING ORDER—VEXATIOUS LITIGANT." The order prohibits Bauman "from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed."

Bauman filed a timely appeal from the January 28th and February 2nd orders on February 11, 2021.[3]

---

[3] Wells Fargo filed a request for judicial notice on September 23, 2021, the same date it filed its respondent's brief. Wells Fargo asks this court to take judicial notice of our court's opinions and the remittiturs issued in case Nos. D076767 and D076781, two recently decided appeals involving Bauman and Wells Fargo. Wells Fargo contends that these documents are relevant to the current appeal "because they demonstrate that Bauman has added two more qualifying 'litigations' to her roster of unsuccessful pro se cases." We deny the request for judicial notice because these documents are not necessary to our review in this case. (See *Guarantee Forklift, Inc. v. Capacity of Texas, Inc.* (2017) 11 Cal.App.5th 1066, 1075 [appellate court "may decline to take judicial notice of matters not relevant to dispositive issues on appeal"].)

4

III.

DISCUSSION

Although her briefing on appeal lacks clarity, we can discern from the notice of appeal that Bauman is challenging the trial court's January 28, 2021 order granting Wells Fargo's motion for a vexatious litigant prefiling order, and the court's subsequent February 2, 2021 issuance of a prefiling order.

"The vexatious litigant statutes ([Code Civ. Proc., ]§§ 391–391.7) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 (*Shalant*).)  Under section 391, subdivision (b), a vexatious litigant is "a person who has, while acting in propria persona, initiated or prosecuted numerous meritless litigations, relitigated or attempted to relitigate matters previously determined against him or her, repeatedly pursued unmeritorious or frivolous tactics in litigation, or who has previously been declared a vexatious litigant in a related action."  (*Shalant*, at pp. 1169–1170.)

If an individual is determined to be a vexatious litigant, the court may " 'enter a "prefiling order" that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge.' "  (*Shalant, supra*, 51 Cal.4th at p. 1170.)  The prefiling order " ' "operates beyond the pending case." ' "  (*Ibid.*)  The statutes define " 'litigation' " as "any civil action or proceeding, commenced, maintained or pending in any state or federal court."  (§ 391, subd. (a).)

A "prefiling order contemplated by section 391.7, subdivision (a) *is* an injunction. It is, literally, an order requiring [a party] to refrain from doing a particular act—filing any new litigation without certain permission." (*Luckett v. Panos* (2008) 161 Cal.App.4th 77, 85.) An order granting an injunction is appealable (§ 904.1, subd. (a)(6)).

" 'A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment.' [Citation.] Questions of statutory interpretation, however, we review de novo." (*Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1498–1499.) These same standards are applicable to the court's decision to enter a prefiling order as a result of the vexatious litigant determination.

The standards of review from vexatious litigant rulings demonstrate that they incorporate a fundamental rule of appellate review: an appealed judgment or order is *presumed correct.* (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. . . .' [Citations.]" (*Ibid.*)

To overcome the presumption of correctness, it is incumbent on an appellant to provide an adequate appellate record in order to demonstrate error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["[A] party challenging a judgment has the burden of showing reversible error by an adequate record"].) " 'A necessary corollary to this rule [is] that a record is inadequate . . . if the appellant predicates error

6

only on the part of the record he [or she] provides [to] the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed.' [Citation.]" (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.) Thus, in a situation in which an appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm. (*Maria P. v. Riles, supra,* at pp. 1295–1296; *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.) These rules apply even where a litigant is representing herself: "Pro. per. litigants are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

Bauman has not provided this court with a record that would permit us to assess the merits of her appellate contentions. Specifically, the record does not include Wells Fargo's moving papers pertaining to its vexatious litigant motion, any of the evidence that Wells Fargo submitted in support of its motion, or Bauman's response to Wells Fargo's motion. The arguments and evidence on which the trial court relied in making a ruling are relevant and necessary for an appellate court's review of a challenged order. Given the state of the record, we have no choice but to apply the presumption of correctness to the trial court's order determining Bauman to be a vexatious litigant, as well as to the trial court's prefiling order requiring that Bauman seek approval before filing any litigation in the courts of this state.[4] We therefore affirm the court's orders.

---

4  Even after the inadequacies of the record were pointed out to Bauman by Wells Fargo in its respondent's brief, Bauman did not attempt to remedy them. Instead, Bauman suggests in her reply brief that Wells Fargo bears

7

the burden to "provide a record to back their argument about a bad record" and that in failing to do so, Wells Fargo has "unclean hands." Bauman quotes from *Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9, in support of her contention. *Mountain Lion Coalition* states:

> "We take this opportunity to express our frustration with the inadequacies of the record that has been provided by appellants for our review. The clerk's transcript omits virtually every critical exhibit that was submitted to the superior court in support of the parties' memoranda, motions and affidavits. We should not have to point out to counsel who should be well-versed in appellate procedure that the appellant has the burden of affirmatively demonstrating error by providing an adequate record. (*Santa Clara County Environmental Health Assn. v. County of Santa Clara* (1985) 173 Cal.App.3d 74, 83–84, and cases cited therein; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 418.) A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed. Throughout their brief, respondents assail the lack of an adequate record, but nevertheless go on to make numerous arguments based upon the missing exhibits. We point out that respondents have the same obligation to insure that the record contains the matter on which they rely." (*Ibid.*)

What Bauman fails to appreciate, however, is that Wells Fargo is not attempting to rely on matters that are not in the record on appeal. Rather, Wells Fargo's argument is that the record is wholly inadequate to permit appellate review of the errors that Bauman alleges, and that for this reason, the presumption of correctness must be applied and the challenged orders affirmed. Wells Fargo is correct; the inadequacies of the appellate record are apparent on the face of the record. Bauman's argument in this regard is wholly without merit.

8

IV.

DISPOSITION

The January 28 and February 2, 2021 orders of the trial court are affirmed. Wells Fargo is entitled to costs on appeal.

AARON, Acting P. J.

WE CONCUR:

DATO, J.

DO, J.

9