Filed 8/1/23  Steshenko v. Foothill-De Anza Community College Dist. CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| GREGORY STESHENKO,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>FOOTHILL-DE ANZA COMMUNITY COLLEGE DISTRICT et al.,<br><br>    Defendants and Respondents. | H048838<br>(Santa Clara County<br>Super. Ct. No. 19-CV-360490) |

Gregory Steshenko appeals from the trial court's order declaring him a vexatious litigant subject to a prefiling order and requiring his posting of security, which he did not pay.  We reject Steshenko's challenge to the trial court's jurisdiction and find the record belies Steshenko's claims of error as to both the vexatious litigant determination and the order for posting of security for the benefit of the moving defendants, Natividad Medical Center and Community Hospital of the Monterey Peninsula (Hospitals).  As to the trial court's order directing Steshenko to post security for the benefit of defendants who orally joined the motion without notice, Steshenko fails to establish that he was prejudiced except as to defendants Foothill-De Anza Community College District and its individually named employees.  We will therefore modify the order to impose a security only for the benefit of the moving defendants, employees of the Hospitals sued in their

individual capacities, Spectra Laboratories, and the Spectra employee sued in her individual capacity.  As modified, we affirm.

## I.    BACKGROUND[1]

This lawsuit is neither the first nor the last Steshenko has filed in connection with his 2016 enrollment in De Anza College's medical laboratory technician program and its requirement of a clinical externship with a medical laboratory.  The operative complaint sets forth the following causes of action:  (1) age discrimination; (2) violation of constitutional equal protection guarantees; (3) violation of constitutional due process guarantees; (4) violation of the constitutional right to free public education; (5) tort of coercion to perform gratuitous service work; (6) failure to pay the minimum wage; (7) breach of contract; (8) intentional infliction of emotional distress; (9) negligence; (10) unfair business practices; and (11) illegal expenditure of taxpayer funds.

In February 2020, defendants Community Hospital of the Monterey Peninsula and Natividad Medical Center filed a motion for a vexatious litigant prefiling order and requested that Steshenko be required to furnish security.  They contended that Steshenko had "personally maintained at least eight litigations outside small claims court that [had]

---

[1] We grant respondents' request for judicial notice of the registers of actions in Santa Clara County case numbers 17CV317602 and 21CV391490.  (Evid. Code, §§ 452, subd. (d), 459; *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co., Inc.* (2020) 56 Cal.App.5th 413, 418, fn. 2.)  Steshenko's request for judicial notice of 25 separate items is granted as to items six through 25—court records from different cases and appeals in which Steshenko was a party—and denied as to the balance—e-mails for which there is not statutory provision for judicial notice.  (Evid. Code, §§ 452, subd. (d), 459.)  Our granting of judicial notice extends only to the existence of the documents and the results reached, but not to the truth of hearsay statements within the documents.  (*Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 885 (*Lockley*).)  We deny Steshenko's request to augment the record with documents from separate trial court case number 17CV317602.  California Rules of Court, rule 8.155(a) authorizes augmentation of the record with documents filed or lodged in the superior court for the case on appeal, not for a different case.

2

been finally determined adversely against him in the immediately preceding seven-year period."[2]

In February and March 2020, Steshenko filed three peremptory challenges to the same trial judge pursuant to Code of Civil Procedure section 170.6.[3] The trial court denied the first—prompting Steshenko to petition this court for a writ of mandate and request a stay of the trial court proceedings (H047895)—but granted the second challenge in early March. The clerk of the superior court thereafter notified the parties of the reassignment of the case to a different trial judge. The case was again reassigned two months later to the current trial judge.

Before the original trial judge's recusal, however, a panel of this court issued a temporary stay to permit consideration of Steshenko's petition.

Despite the stay, Steshenko filed a first amended complaint, which added several new defendants.

Once the stay was vacated, the trial court struck all motions and other documents filed in the interim, including the first amended complaint and a putative joinder by defendants Foothill-De Anza Community College District, Patricia Buchner, Anita Muthyala-Kandula, and Lorrie Ranck (College defendants) in the Hospitals' vexatious litigant motion. At the hearing on the motion, however, College defendants, Spectra Laboratories and two affiliated individuals (Spectra defendants), and National Accrediting Agency for Clinical Laboratory Sciences (NAACLS) made oral requests to join the motion. The court granted the vexatious litigant motion, issued a prefiling order, and "set[] security for each moving [or joining] defendant at $10,000, which means the

---

[2] The moving defendants also referenced a number of earlier lawsuits that had been adjudicated against Steshenko, including two cases in federal court in Texas and California, and two separate cases in Santa Cruz County Superior Court.

[3] Unspecified statutory references are to the Code of Civil Procedure.

3

total amount of security is $120,000[,]" but noted NAACLS and one of the individual Spectra defendants, added in the now-stricken first amended complaint, were no longer parties.

Steshenko timely appealed.[4]

## II.    DISCUSSION

### A.    *Legal Standard*

The vexatious litigant statutory scheme, codified at section 391 et seq., is "designed to curb misuse of the court system by those . . . litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 (*Shalant*).)  A vexatious litigant is a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person . . . ."  (§ 391, subd. (b)(1).)

"Once a person has been declared a vexatious litigant, the court, on its own or a party's motion, may 'enter a prefiling order which prohibits [the person] from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed.' " (*Shalant*, *supra*, 51 Cal.4th at p. 1170; § 391.7.)

Furthermore, "a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security . . . based upon the ground, and supported

---

[4] Generally, "an order requiring a plaintiff to furnish security as a vexatious litigant is not appealable.  If plaintiff fails to furnish the security as ordered, the action will be dismissed and the appeal will lie from the judgment or order of dismissal." (*Childs v. PaineWebber Inc.* (1994) 29 Cal.App.4th 982, 988, fn. 2.)  Although Steshenko appealed without a judgment or order of dismissal, "in the interest of justice and to prevent unnecessary delay, a reviewing court may deem the order appealed from as incorporating a judgment of dismissal and treat the notice of appeal as applying to that dismissal." (*Id.* at p. 988, fn. 2.)  We elect to do so here.

4

by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that they will prevail in the litigation against the moving defendant." (§ 391.1.) "[I]f, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix." (§ 391.3, subd. (a).) The purpose for the security requirement is "to minimize the number of frivolous filings." (*Devereaux v. Latham & Watkins* (1995) 32 Cal.App.4th 1571, 1582, disapproved on another ground by *Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 785, fn. 7.) A plaintiff's failure to furnish that security is grounds for dismissal. (§ 391.4.)

"We review the trial court's order declaring a party to be a vexatious litigant for substantial evidence. [Citation.] We are required to presume the order declaring a litigant vexatious is correct and imply findings necessary to support that designation. [Citation.] A reversal is required only where there is no substantial evidence to imply findings in support of the vexatious litigant designation." (*Goodrich v. Sierra Vista Regional Medical Center* (2016) 246 Cal.App.4th 1260, 1265-1266.) We also review for substantial evidence an order requiring a vexatious litigant to furnish security based on the court's determination that the plaintiff does not have a reasonable chance of success in the action. (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636.)

## B. *Vexatious Litigant Finding and Prefiling Order*

Based on the declaration of Elizabeth R. Leitzinger, counsel for Hospitals, the trial court found that Steshenko had commenced or maintained at least five "litigations" that resulted in adverse final determinations.[5] Three of the five are separate appeals stemming

---

[5] Although Steshenko argues that the declaration is inadmissible hearsay, "[e]vidence received at a law and motion hearing must be by declaration or request for

5

from the same lawsuit: *Steshenko v. McKay, et al.* (N.D. Cal. Nov. 23, 2009, Civ. No. 09-CV-05543). The first of the three appeals was from the denial of a request for a preliminary injunction (No. 13-17095), which the United States Court of Appeals, Ninth Circuit affirmed in January 2014. The second was Steshenko's April 2015 appeal from the judgment (No. 15-15625), and the third was his August 2015 appeal from an order awarding costs (No. 15-16611).[6] The Ninth Circuit affirmed the judgment and the costs order in a single opinion in May 2018.[7] Steshenko petitioned the United States Supreme Court for a writ of certiorari, which was denied in January 2019, and for rehearing on the petition, which was denied in March 2019.

The fourth litigation is a different lawsuit, *Steshenko v. Gayrard, et al.* (N.D. Cal. Jul. 22, 2013, Civ. No. 13-CV-03400). The district court dismissed the case under Title 28, United States Code, section 1915(e)(2)(A), for failing to disclose on his applications

---

judicial notice . . . unless the court orders otherwise for good cause shown" (Cal. Rules of Ct., rule 3.1306(a)), and the record reflects no hearsay objection or request to take live testimony. (See Evid. Code, § 353, subd. (a); *Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 725.) Moreover, the appellate opinions attached as exhibits "come within the exception to the hearsay rule for official records." (*Lockley*, *supra*, 91 Cal.App.4th at p. 885.)

[6] " 'A postjudgment order which awards or denies costs or attorney's fees is separately appealable' " and generally requires the filing of a "separate, timely notice of appeal." (*Silver v. Pacific American Fish Co., Inc.* (2010) 190 Cal.App.4th 688, 693-694; *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46.)

[7] The Ninth Circuit denied Steshenko's petition for rehearing and also issued an order to show cause why Steshenko should not be sanctioned for filing a frivolous appeal. The Ninth Circuit later concluded Steshenko had engaged in "deplorable behavior" warranting "double costs and damages to all defendants-appellees" (Fed. R. App. P. 38) but declined to sanction him due to doubts regarding the defendants' ability to collect an award or inclination "to expend any additional energy engaged with this plaintiff."

6

to proceed in forma pauperis that he owned a home.[8]  The Ninth Circuit affirmed the dismissal order (No. 15-16397), and the United States Supreme Court denied Steshenko's petition for a writ of certiorari.

The fifth litigation was *Steshenko v. Albee, et al.* (N.D. Cal. Oct. 24, 2014, Civ. No. 13-CV-04948).  The district court dismissed this case in the same order dismissing the *Gayrard* lawsuit, and for the same reason:  a substantial and material omission regarding his financial status that constituted a "fraud on the Court."  The Ninth Circuit affirmed in the same opinion as the *Gayrard* matter (No. 15-16379), and the United States Supreme Court denied the petition for a writ of certiorari.

### 1. *"Litigations"*

Steshenko first argues that his appeals are not "litigations" separate from the underlying trial court actions, and that the Ninth Circuit's "single final determination" of multiple appeals in *Gayrard* and *Albee* rendered those a single litigation.

A "litigation" under section 391, subdivision (a) is "any civil action or proceeding" and " 'includes an appeal or a writ proceeding.' " (*In re Natural Gas Antitrust Cases* (2006) 137 Cal.App.4th 387, 395-396, italics omitted; see also *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1165, 1171, 1173-1174 [counting as separate litigations an appeal from a judgment following a bench trial and an appeal from a postjudgment attorney fees order in the same underlying case, and also treating as separate litigations an appeal from an order denying an "Application for Order for Service of Process by the Sheriff and/or Registered Process Server" and an appeal following judgment in the same case]; see also *In re Whitaker* (1992) 6 Cal.App.4th 54, 56 [treating 16 appeals as separate litigations]; *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1005-1006 [making vexatious litigant ruling based on appeals from multiple orders within the same marital dissolution case].)  Accordingly, each of

---

[8] Under federal law, "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue . . . ."  (28 U.S.C. § 1915(e)(2)(A).)

Steshenko's separately "commenced" appeals constitutes a separate litigation, although three of the appeals all arise from the same underlying trial court case.

Because the trial court did not include the underlying trial court proceeding in its tally, Steshenko's reliance on *Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 794, which stated that "filing an appeal 'is not a separate proceeding and has no independent existence,' " is inapt. Moreover, we observe that the Court made its statement in determining that a defendant's appeal did not support a claim for malicious prosecution, because it merely sought " 'to repel' plaintiff's attack," whereas Steshenko filed his appeals as the unsuccessful plaintiff not as a defendant. The law is clear that the vexatious litigant statute applies to "appeals and writ petitions filed in the Court of Appeal." (*McColm v. Westwood Park Ass'n* (1998) 62 Cal.App.4th 1211, 1214 disapproved on another ground by *John v. Superior Court* (2016) 63 Cal.4th 91, 98.) Discounting the underlying lawsuits Steshenko filed, he commenced five separate appeals, enough by themselves to qualify under section 391.

Steshenko's argument that multiple appeals that are heard or ruled on together count as only a single litigation also lacks support. Section 391 includes as qualifying litigations those that have been "commenced, prosecuted, or maintained." (§ 391, subds. (a), (b)(1).) Once "commenced," a "litigation" will be counted if it is later "finally determined adversely to the person" who initiated it. This can be true notwithstanding its later treatment by the plaintiff or the court, because once an action is filed it "is nevertheless a burden on the target of the litigation and the judicial system." (*Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 779 [lawsuit counts as litigation even if plaintiff voluntarily dismisses the action, with or without prejudice]; cf. *Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 412, fn. omitted [matters did not qualify as litigations within the meaning of section 391 where "no complaint was ever filed and, therefore, no action or proceeding was ever commenced"].) Although *Albee* and *Gayrard* were addressed in a joint opinion by the Ninth Circuit, perhaps for purposes of judicial

8

efficiency, that does nothing to alter the fact that they were separately "commenced" by Steshenko in two district court cases that were filed on different dates in 2013 and 2014.

### 2. *"Finally Determined"*

Steshenko argues further that an appeal from an interlocutory order is not finally determined until the eventual judgment disposing of the action becomes final. His position is unsupportable.

Section 391 generally applies to litigations that have been "finally determined adversely to the person" (§ 391, subd. (b)(1)(i)) and courts have interpreted the finality requirement as meaning that "all avenues for direct review have been exhausted." (*First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, 864.) There were three appeals from the *McKay* case. All three were finally determined no later than March 18, 2019, when Steshenko's request for rehearing on his petition for writ of certiorari as to the two later appeals was denied. The *Albee* and *Gayrard* appeals were finally determined as of June 4, 2018, when Steshenko's petitions for writ of certiorari were denied. Each of these five appeals concluded adversely to Steshenko, with petitions for rehearing or writ of certiorari denied, and no avenue remained by which he could have obtained any type of direct review.

Relying on *Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1502 (*Holcomb*), Steshenko argues that the adverse disposition of interlocutory appeals, however final, cannot be considered "final determinations." The *Holcomb* court noted in that case that the plaintiff's "filing of motions for reconsideration and appeal before a judgment is final for all purposes would not support a vexatious litigant finding under section 391, subdivision (b)(2)." (*Id.* at p. 1502.) But subdivision (b)(2) of section 391, an independent and alternative basis for designation as a vexatious litigant, looks to the number of times a litigant seeks to relitigate a claim or issue after a prior adverse ruling on that claim or issue has been finally determined, whereas subdivision (b)(1)—operative here—looks only to whether each of the tallied litigations has been finally determined,

9

whether or not that "litigation" was an interlocutory appeal or an appeal from a judgment. *Holcomb*'s treatment of a motion for reconsideration and an interlocutory appeal as not constituting "relitigations" of a finally determined issue under section 391, subdivision (b)(2) accordingly has no bearing on the outcome here, where it is clear that the appeals concluded, with no recourse left for Steshenko to continue contesting the underlying orders.

## C.    *Order to Furnish Security*

Steshenko contends the trial court should not have ordered him to pay security because there was not substantial evidence to support the order. He further challenges the amount of security imposed as arbitrary and lacking in evidentiary support.[9] We address first his claims as to the Hospitals, as the moving parties, and then the propriety of requiring security for the benefit of the other joining defendants.

### 1.    *No Reasonable Probability of Prevailing Against Hospitals*

The required showing that a vexatious litigant has no reasonable probability of prevailing against a defendant moving for an order to post security "is ordinarily made by the weight of the evidence, but a lack of merit may also be shown by demonstrating that the plaintiff cannot prevail in the action as a matter of law." (*Golin v. Allenby*, *supra*, 190 Cal.App.4th at p. 642.)

The trial court here evaluated the case based on the arguments in the demurrers previously filed by Hospitals and their employees, affiliated individual defendants Un Sil Lee, Linda Delcambre, Leonila Shapiro, and Margaret Humbracht (collectively, Hospital defendants).[10] It concluded that Steshenko could not overcome the various statutes of

---

[9] At the hearing on the motion, Steshenko stated that he "would not be able to post anything" because he is indigent.

[10] Although the demurrers were stricken because they were filed during the stay, the Hospitals in their vexatious litigant motion raised the identical legal challenges to the

10

limitations for his causes of action, and that the other substantive arguments in the demurrers persuasively demonstrated Steshenko could not prevail.

On appeal, as in the trial court, Steshenko points out no defect in the merits of the Hospitals' contention that he lacked a reasonable probability of prevailing on any particular cause of action. Other than deriding as "absurd" the trial court's reliance on the Hospitals' legal challenges (made first in their inoperative demurrer and renewed in their vexatious litigant motion) to the sufficiency of the complaint, Steshenko argues only that competing motions for summary judgment in his earlier-filed related lawsuit against only the College defendants "demonstrate the complexity of the argument and the amount of evidence available in connection to the events that gave rise to both cases."[11]

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) "Stated another way, all presumptions are indulged to support the trial court order or judgment 'on matters as to which the record is silent, and error must be affirmatively shown.' " (*Smith v. Ogbuehi* (2019) 38 Cal.App.5th 453, 473.) Because it is the appellant who bears the burden of affirmatively demonstrating error, a reviewing court does not typically rule on contentions " 'perfunctorily asserted without argument in support.' " (*People v. Williams* (1997) 16 Cal.4th 153, 215.) Steshenko makes no reasoned argument and cites no legal authority for the proposition that the trial court's evaluation of the Hospital defendants' identified challenges to the pleadings was

complaint and included as exhibits to the motion their previously filed demurrer and supporting papers.

[11] We have since affirmed the judgment in favor of the College defendants in *Steshenko v. Foothill-De Anza Community College Dist.* (Jul. 26, 2023, H049871) [nonpub. opn.].

incorrect. Because we must presume the trial court's order is correct, his omission "amounts to an abandonment of the issue." (See *People ex rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.* (2000) 86 Cal.App.4th 280, 284.) Steshenko accordingly has not met his burden on appeal of affirmatively demonstrating the trial court erred in determining that Steshenko had no reasonable probability of prevailing as to the Hospitals and that the Hospitals are entitled to security.

### 2. *Defendants Other than Hospitals*

#### a. *Joinder*

It was only the Hospitals who initially moved for an order requiring Steshenko to post security against their litigation expenses.[12] Steshenko contends that the trial court improperly permitted defendants to orally join the Hospitals' motion "for the purpose of increasing security."[13] Because the inclusion of the joining defendants did not increase the per-defendant amount of security, only the total to be posted if Steshenko remained committed to pursuing this lawsuit as to all named defendants, we understand Steshenko's argument to be that the trial court erred in ordering any amount of security for the benefit of any defendant other than the Hospitals.

Steshenko argues that a joinder is not a motion and does not present any evidence or argument, citing *Village Nurseries, L.P. v. Greenbaum* (2002) 101 Cal.App.4th 26 (*Village*) (holding that trial court erred in granting summary judgment in favor of party who joined motion) and *Decker v. U.D. Registry, Inc.* (2003) 105 Cal.App.4th 1382 (*Decker*) (extending *Village* to joinders in a special motion to strike under § 425.16). The trial court, however, relied on *Barak v. The Quisenberry Law Firm* (2006) 135

---

[12] The notice of motion identified only Hospitals as the moving defendants.

[13] The record belies Steshenko's claim in his briefing and at oral argument that the trial court "compelled" these defendants to join; we have no basis to construe the trial court's inquiry of the various attorneys for the many defendants as anything other than an effort to track who was seeking an order for security.

12

Cal.App.4th 654 (*Barak*), which disagreed with *Decker* in declining to extend *Village* to a special motion to strike. (*Id.* at pp. 660-661.)

For our purposes, what matters is not the *Decker*/*Barak* debate but whether it was proper to allow oral day-of-hearing joinders to enlarge the scope of requested relief to encompass additional security for the benefit of entities other than the moving Hospitals. It was not: unlike the designation of Steshenko as a vexatious litigant and issuance of a prefiling order, an order for the posting of security is defendant-specific and may issue only on a defendant's noticed motion. (Compare § 391.1, subd. (a); with § 391.7.) And the failure to post security, once ordered, results in a judgment of dismissal that is likewise specific to the moving defendant, as is a judgment entered on the grant of a defendant's motion for summary judgment as in *Village*. We accordingly read *Barak* and *Decker* as having no application where, as here, a defendant joins a differently situated defendant's motion for an order for security, without engaging with the merits of the different claims in which it is named and without prior notice to the plaintiff.

### b. *Prejudice*

On appeal, however, it does not suffice to argue that the trial court erred by permitting other defendants to join the Hospitals' motion without statutory notice. Steshenko must also demonstrate that he was prejudiced by the error, "even if the trial court failed to follow a statutory mandate." (*Guardianship of C.E.* (2019) 31 Cal.App.5th 1038, 1054, fn. omitted; see generally Cal. Const., art. VI, § 13; *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 801.) "Because of the need to consider the particulars of the given case, rather than the type of error, the appellant bears the duty of spelling out in his brief exactly how the error caused a miscarriage of justice. [Citations.]" (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.) Indeed, "our duty to examine the entire cause arises when and only when the appellant has fulfilled his duty to tender a proper prejudice argument." (*Ibid.*) We assess " 'legal argument with citation of authorities on the points made.' " (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

13

On appeal, Steshenko makes no argument that any deficiency of notice prejudiced him; he argues instead that the perfunctory nature of the oral joinder put nothing before the court as to the merits of his causes of action against any of the joining defendants. By rearguing their stricken demurrer, the Hospitals disputed the merits of certain causes of action—the first, fifth, sixth, seventh, eighth, and tenth causes of action—in which *all* Hospital defendants as well as Spectra Laboratories and its employee were likewise named. These joining defendants appear to be identically situated to the Hospitals with respect to the operative complaint, in which Steshenko grouped the Hospital defendants, Spectra, and Spectra's individually named employee collectively as "Clinical Laboratory Defendants" all subject to the same causes of action. The trial court in its order specifically referred to the "various statutes of limitations for [Steshenko's] claims" as well as generally referencing other "substantive legal arguments" from the demurrers.

Steshenko on appeal does not explain why the grounds for the Hospital defendants' demurrer—to the extent we have concluded these were properly before the court—do not support the trial court's determination that he lacked a reasonable probability of prevailing as to any of the Clinical Laboratory defendants. He has therefore failed to tender a cognizable claim of prejudice as to these defendants. (See *Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 865 ["the appellant must present argument and authorities on each point to which error is asserted, or else the issue is waived"].)

The Hospitals did not, however, have occasion to dispute the merits of the second, third, fourth, and eleventh causes of action, in which only the College defendants were named.[14] Thus, we see merit in Steshenko's argument that the perfunctory nature of the oral joinder put nothing before the court as to the merits of his causes of action against

---

[14] The ninth cause of action named only "Entity X and Entity Y" and as such were not included in the trial court's order.

the College defendants. The College defendants ventured no such showing and limited themselves to those arguments the Hospitals elected to raise in their motion as to causes of action and defenses from which the College defendants were excluded.

Although the College defendants would eventually prevail on their motion for summary judgment in Steshenko's earlier-filed related case—a judgment we have since affirmed (*Steshenko v. Foothill-De Anza Community College Dist.*, *supra*, H049871, [nonpub. opn.])—none of the evidence or argument supporting that motion was yet before the trial court when it required Steshenko to post security as to each of the College defendants. The College defendants had initially filed a written notice of joinder in the Hospitals' motion in June 2020. But not only was that notice stricken along with other pleadings filed during this court's temporary stay, the one-page notice was also devoid of any comment, argument, or evidence as to Steshenko's prospects for prevailing in any cause of action in which the College defendants were named. On the record before us, nothing before the trial court supported a determination that Steshenko lacked a reasonable probability of success on the merits as to any of the College defendants.

Accordingly, the trial court's error in allowing the College defendants to join in the motion was prejudicial, but its error in allowing all Clinical Laboratory defendants to join in the Hospitals' motion was not.

### 3. *Amount of Security*

When the requirements for an order to furnish security are met as to a moving defendant, "the court shall order . . . security in such amount and within such time as the court shall fix." (§ 391.3, subd. (a).) The purpose of the security is "to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant." (§ 391, subd. (c).) Steshenko's sole contentions as to the amount of the security, other than the inclusion of the nonmoving

15

defendants, is that the amount was "arbitrary" and " 'picked out of thin air.' " We disagree.

Leitzinger, the attorney for Hospital defendants, stated in her declaration that she anticipated her clients would "incur attorney fees and costs in defending this action through a motion for summary judgment hearing (and potential appeals) in the amount of at least $50,000.00." She therefore requested that Steshenko be "required to post a security in the amount of $50,000.00." As to the Clinical Laboratory defendants, similarly situated as they are, the trial court was entitled to rely on the evidence in the Leitzinger declaration, coupled with the court's own experience and expertise to determine that $10,000 for each moving defendant was an appropriate sum.[15] (See *Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1251 [trial court relied on "own experience and expertise in handling complex civil cases" to evaluate the attorney hours claimed]; see also *Reynolds v. Ford Motor Company* (2020) 47 Cal.App.5th 1105, 1113 [trial court set reasonable hourly rates based on its own experience].)

**D.    *Jurisdiction***

Steshenko's final argument is that the trial judge lacked jurisdiction to rule on the Hospitals' motion, on the basis that the case had been reassigned to him during the temporary stay. His argument fails to account for the "inherent difference between a judge and a court." (See *In re Alberto* (2002) 102 Cal.App.4th 421, 427.) A "superior court is a court of general jurisdiction" and one who sits as a judge of the superior court "exercises a part of the general jurisdiction conferred by the law . . . ." (*Singer v. Bogen* (1957) 147 Cal.App.2d 515, 524.) Irrespective of what authority the court had to issue orders in this proceeding for the duration of the stay, there is no question that it had

---

[15] Neither hospital has appealed the trial court's decision to set security at $10,000 per moving defendant.

16

authority to rule on the Hospitals' vexatious litigant motion once the stay was vacated. Which *judge* of the court would hear the motion was a matter within the discretion of the court's presiding judge under California Rules of Court, rule 10.603(b)(1)(A) and (B), subject only to section 170 et seq. Irrespective of when the current trial judge was initially assigned, there can be no dispute that the case continued to be assigned to him at the time of the hearing on the Hospitals' motion.

Moreover, Steshenko expressly disavowed his current argument in the trial court at the hearing on the vexatious litigant motion, telling the trial court: "the stay only related to proceedings before the [challenged] judge, because the judge was challenged. Nothing else was included in [the] stay, especially discovery was not stayed." Reminded by the trial court that he had "said that all actions were null and void," Steshenko said, "No, it was just initially my initial – initial state of mind. . . . And I was corrected on that." He therefore waived any objection to the authority of this trial judge ruling on the vexatious litigant motion. (Cf. *In re Richard S.* (1991) 54 Cal.3d 857, 866, fn. omitted [parties' consent to trial by referee constitutionally empowered to act as judge pro tem "waive[s] any claim of error on the basis of failure to strictly comply" with state rule of court requiring timely filing of appointment order].)

Independent of his waiver, we note as well that although this case was stayed during the pendency of Steshenko's petition for writ of mandate regarding his first peremptory challenge, he nonetheless chose to file two additional challenges while the stay was in effect, the second of which was granted and resulted in the reassignment of the case to a different judge. "Under the doctrine of invited error, when a party by its own conduct induces the commission of error, it may not claim on appeal that the judgment should be reversed because of that error." (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 212.) Accordingly, because it was Steshenko's own invitation that resulted in the reassignment, he may not now challenge it as void.

17

Even if we were to overlook Steshenko's waiver and his invitation of the putative error, he cites no authority for his position on the merits—that our temporary stay of a nonappealable order divested both the original trial judge of authority to meet his overarching ethical obligation to recuse when disqualified and the presiding judge of authority to reassign a now-unassigned case to a different judge.[16] In contrast to an automatic stay pending an appeal as of right, our temporary stay was expressly for the purpose of our consideration of the issue presented by Steshenko's petition. Once the object of his petition—the removal of a disqualified judge—was met by the judge's own recusal, no further consideration was required. And had the parties timely informed us of the reassignment, we would have vacated the stay far earlier.

### III.  DISPOSITION

The trial court's January 29, 2021 order is modified to strike the requirement of $10,000 in security as to defendant Foothill-De Anza Community College District and individual defendants Patricia Buchner, Anita Muthyala-Kandula, and Lorrie Ranck. As modified, the order is affirmed. In the interests of justice, each party is to bear its own costs on appeal.

---

[16] Even when a judge is disqualified, the court does not lose jurisdiction and even a disqualified judge maintains certain powers, such as "[taking] any action or issu[ing] any order necessary to maintain the jurisdiction of the court pending the assignment of a judge not disqualified." (§ 170.4, subd. (a).)

_____
LIE, J.

WE CONCUR:



_____
GREENWOOD, P.J.



_____
GROVER, J.



*Steshenko v. Foothill-DeAnza Community College*
H048838