Filed 7/23/25

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| GREGORY STESHENKO, | H052324 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 21CV391490) |
| v. | |
| BOARD OF TRUSTEES OF FOOTHILL-DE ANZA COMMUNITY COLLEGE DISTRICT et al., | |
| Defendants and Respondents. | |


In January 2021, in a prior civil action, plaintiff Gregory Steshenko was declared a vexatious litigant, and he was subject to a prefiling order requiring him to obtain permission from the presiding judge before filing any new litigation. (See Code Civ. Proc., §§ 391, 391.7.)[1] Steshenko filed an appeal in this earlier action.

In November 2021, while the appeal was pending, Steshenko filed the instant civil action against defendants Foothill-De Anza Community College District (the College District), its board of trustees, Patrick J. Ahrens, Laura Casas, Pearl Cheng, Peter Landsberger, Gilbert Wong, and Shinny Duong. The College District filed a notice in the instant action regarding the earlier prefiling order. (See § 391.7, subd. (c).) Steshenko filed a written objection contending that the prefiling order had been stayed pending the appeal.

---

[1] Unspecified statutory references are to the Code of Civil Procedure unless otherwise indicated.

The College District, its board of trustees, and Duong thereafter filed a motion in the instant action contending that the prefiling order was still in effect notwithstanding Steshenko's appeal in the prior action. To the extent a new motion was required in the instant action, they moved to have Steshenko declared a vexatious litigant again, to have another prefiling order issued, and to require Steshenko to furnish security. Steshenko opposed the motion. Before the trial court ruled on the motion, this court issued an opinion in Steshenko's appeal in the prior action. This court's opinion left intact the vexatious litigant finding and the prefiling order.

In the instant action, in June 2024, the trial court determined that the prefiling order was not stayed on appeal. The trial court consequently determined that Steshenko was required to request leave before filing the instant action, that he had failed to do so, that he had been denied permission after the action was filed, and that therefore the action must be dismissed. Alternatively, to the extent the prefiling order was not in effect while on appeal, the trial court found Steshenko to be a vexatious litigant, granted the request for a new prefiling order, ordered Steshenko to furnish security, and, after observing that Steshenko refused to furnish any security, ordered the action dismissed.

On appeal, Steshenko contends that the judgment of dismissal should be reversed and that he should be allowed to proceed with his case on the merits.

For reasons that we will explain, we determine that the prior January 2021 prefiling order remained in effect while on appeal. The trial court in the instant action therefore properly dismissed the action based on Steshenko's failure to obtain permission before filing the action, and the denial of permission after the action was filed. We will strike the June 2024 orders filed in the instant action that again found Steshenko to be a vexatious litigant and again required him to obtain leave before filing new litigation. Although we are striking these orders issued in the instant case, Steshenko continues to be designated as a vexatious litigant and continues to be subject to a prefiling order pursuant to the January 2021 orders issued in the prior action.

2

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. *Steshenko's Prior Litigation Against the College District*

### 1. The 2017 Civil Action

In 2017, Steshenko sued the College District and others. A judgment was filed in favor of the defendants on February 1, 2022, after they prevailed on a motion for summary judgment. Steshenko appealed, and this court affirmed. (*Steshenko v. Foothill-De Anza Community College District et al.* (July 26, 2023, H049871 [nonpub. opn.].)

### 2. The 2019 Civil Action and the January 2021 Vexatious Litigant Finding and Prefiling Order

In 2019, Steshenko again sued the College District and others. (*Steshenko v. Foothill-De Anza Community College District et al.* (Super. Ct. Santa Clara County, 2019, No. 19CV360490).) Some of the defendants filed a motion in 2020 to have Steshenko declared a vexatious litigant, for a prefiling order, and to require him to furnish security. Other defendants, including the College District, made an oral joinder to the motion.

In January 2021, the trial court found Steshenko to be a vexatious litigant. The court also set security for each of 12 moving defendants at $10,000, with the case to be dismissed if no security was posted. The court also granted the request for a prefiling order. The prefiling order was filed on January 21, 2021. (§ 391.7.) The prefiling order "prohibited" Steshenko, unless represented by an attorney, "from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed."

Steshenko appealed. This court ordered modification of the January 2021 order by striking the requirement of $10,000 in security as to certain defendants, including the College District, and affirmed the order as so modified. (*Steshenko v. Foothill-De Anza Community College District et al.* (Aug. 1, 2023, H048838 [nonpub. opn.].) The

3

remainder of the order, which found Steshenko to be a vexatious litigant and which granted the request for a prefiling order, was left intact by this court.

On November 1, 2023, the California Supreme Court denied Steshenko's petition for review. The United States Supreme Court subsequently denied Steshenko's petition for a writ of certiorari.

**B.** *The November 2021 Complaint in the Instant Action*

In the meantime, in the instant action, on November 15, 2021, Steshenko filed another civil complaint against the College District. He also named as defendants the College District's board of trustees and several individuals.[2] Steshenko's complaint arose out of De Anza College's alleged failure to enroll him in the courses necessary for his graduation from its medical laboratory technician program. He alleged two causes of action for (1) violation of his civil rights and (2) retaliation for filing an age discrimination complaint.

**C.** *Notice of Vexatious Litigant Prefiling Order*

On December 8, 2021, the College District filed a notice regarding the prefiling order. (See § 391.7, subd. (c).) In the notice, the College District stated that Steshenko had previously been designated a vexatious litigant in a prior case in January 2021, and that he was subject to a prefiling order that required him to obtain approval from the presiding judge before filing any new litigation. The College District indicated that it was unaware of Steshenko complying with the prefiling requirement before filing the instant action. The College District requested that the complaint be dismissed unless Steshenko complied with the prefiling order.

Steshenko filed a written objection. He contended that the prefiling order had been stayed pending an appeal.

---

[2] Defendant Duong is allegedly the program director of De Anza College's medical laboratory technician program. The remaining individual defendants are allegedly trustees on the College District's board of trustees.

4

The record does not reflect that the trial court took any action in relation to the College District's notice of prefiling order.

**D.** *February 2022 Motion for New Prefiling Order and to Require Security in the Instant Case*

On February 4, 2022, the College District, its board of trustees, and Duong filed a motion for a new prefiling order. They argued that Steshenko had previously been declared a vexatious litigant, that he was subject to a prefiling order, and that the prefiling order was still in effect notwithstanding his appeal in the prior action giving rise to the order. To the extent a new motion was required in the instant action, they moved to have Steshenko declared a vexatious litigant, to have a prefiling order issued, and to require Steshenko to furnish security.

Steshenko filed opposition to the motion.

On May 3, 2022, the trial court stayed the instant action. The court determined that the January 2021 orders in the prior case, in which Steshenko was declared a vexatious litigant and subject to a prefiling requirement, "continued" at the time he filed the complaint in the instant action. Although Steshenko had filed a notice of appeal in that earlier action, the appeal (case No. H048838) had been stayed because Steshenko failed to obtain leave from the presiding justice to file the appeal. The trial court determined in the instant action that because Steshenko similarly failed to obtain leave from the presiding judge before filing the instant action, the instant action should be stayed. The court ordered the instant action stayed until (1) an application by Steshenko for leave to file the instant action was granted or denied, (2) an opinion was issued in case No. H048838, or (3) pending an order dismissing the instant action.

**E.** *Demurrer*

In the meantime, on February 4, 2022, prior to the trial court staying the instant action, the College District, its board of trustees, and Duong filed a demurrer to Steshenko's complaint. On May 2, 2022, Steshenko filed a first amended complaint

5

before a hearing was held on the demurrer.[3]  The amended complaint continued to allege causes of action for violation of civil rights and retaliation for filing an age discrimination complaint, but also included two additional causes of action for "breach[]" of "obligations arising from operation of law" and violation of civil rights.

### F. *Steshenko's Requests for Permission to File the Instant Action*

In May 2022, and again in January 2024, Steshenko requested permission from the presiding judge to file the instant action.  (See § 391.7.)  Although it is not clear from the record on appeal whether the presiding judge ruled on the May 2022 request, the presiding judge denied Steshenko's January 2024 request.

### G. *Steshenko's Motion to Lift the Stay*

On February 20, 2024, Steshenko filed a motion to lift the stay.  Among other contentions, he argued that he had filed an appeal in the prior action (case No. 19CV360490), in which he was declared a vexatious litigant and a prefiling order was made, and that consequently those orders were not final when the instant action was filed.  Steshenko contended that because those orders were not final, he was not required to seek permission before filing the instant action and therefore the instant action should have not been stayed.

In opposition, the College District, its board of trustees, and Duong contended that the vexatious litigant orders, including the prefiling order, in the prior action were now final because Steshenko had exhausted all avenues of appeal.  The College District, its board of trustees, and Duong stated that they did not oppose the lifting of the stay for the limited purpose of addressing the prefiling order, whether Steshenko had complied with it, and an order regarding Steshenko furnishing security.

---

[3] Steshenko's amended complaint was initially rejected for filing, but the trial court later permitted it to be filed with a "backdated" filing date of May 2, 2022.

6

In reply, Steshenko reiterated that the prior prefiling order was not final at the time he filed the instant action and therefore he did not have to comply with its requirements when he filed the instant action.

On April 4, 2024, the trial court ordered the stay lifted for the limited purpose of addressing the February 4, 2022 motion by the College District, its board of trustees, and Duong which sought to have Steshenko declared a vexatious litigant, to have a prefiling order issued, and to require Steshenko to furnish security. The court ordered the moving defendants to file an amended notice of motion and indicated that they could file supplemental papers to bring their motion up to date.

**H.** *Amended Motion for Prefiling Order and to Require Security*

On April 19, 2024, the College District, its board of trustees, and Duong filed an amended notice of motion and an amended memorandum of points and authorities in support in support of their motion for a prefiling order and for an order requiring Steshenko to furnish security. They continued to contend that the action should be dismissed unless or until Steshenko complied with the January 2021 prefiling order issued in his prior civil action. To the extent a separate motion was required, they sought to have Steshenko declared a vexatious litigant, to have him furnish security, and to have him subject to a prefiling order. They also filed an amended declaration from counsel and an amended request for judicial notice of several other cases, orders, or actions taken by courts in other cases.

On May 14, 2024, Steshenko filed opposition to the motion for a prefiling order and security. He contended that the moving defendants failed to establish that he was a vexatious litigant within the meaning of section 391. Steshenko also argued that the moving defendants failed to establish the requirements for an order requiring security. He filed a request for judicial notice of several documents.

7

## I. *Continued Hearing and June 2024 Orders of Dismissal*

The hearing on the motion for a prefiling order and security was originally set for May 28, 2024. The trial court continued the hearing and requested that the parties submit additional declarations and/or objections regarding the amount of security being requested. Defense counsel provided a supplemental declaration. Steshenko objected to the imposition of any security requirement, contended that he was "indigent," and stated that "he would not post any security, even if his pecuniary status would not be so desperate."

The continued hearing was held in June 2024. In written orders filed in June 2024 after the hearing,[4] the trial court first granted the moving parties' request for judicial notice in its entirety. The court also granted Steshenko's request for judicial notice as to all documents except one.

Second, the trial court determined that the January 2021 order in the prior action, in which Steshenko was declared a vexatious litigant and subject to a prefiling order, was prohibitory in nature. The court consequently found that the prefiling order in the prior action was not stayed by Steshenko's appeal in that earlier action. The court in the instant action therefore determined that Steshenko was required to request leave before filing the instant action. The court found that Steshenko did not receive approval from the presiding judge before filing the instant action. The court also determined that the presiding judge in a January 2024 order denied Steshenko's request to file new litigation. The court thus ordered the instant action "dismissed as to all named defendants."

Third, the trial court found that even if the January 2021 order from the prior action was not in effect, Steshenko was a vexatious litigant under section 391, subdivision (b)(1) and (3).

_____

[4] The record reflects that the trial court signed an order dated June 13, 2024. Thereafter, the trial court appears to have issued a duplicative order dated June 18, 2024, which was filed on June 28, 2024.

Fourth, the trial court granted the moving defendants' request for a prefiling order.

Fifth, the trial court determined that security was warranted and fixed the amount at $20,000 total, based on $10,000 "for both moving defendant," which the court identified as "Foothill" and "Duong." Observing that Steshenko "refuses to pay any security," the court dismissed the case.

Steshenko filed a notice of appeal regarding the June 2024 orders dismissing the instant action.

## II. DISCUSSION

Steshenko contends that the judgment of dismissal should be reversed and that his case should be allowed to proceed on the merits. In making this contention, we understand Steshenko to argue: (1) the trial court did not read the complaint or first amended complaint; (2) the instant action was properly filed notwithstanding the January 2021 prefiling order issued in Steshenko's prior civil action; (3) the trial court in the instant action erred in declaring Steshenko to be a vexatious litigant under section 391, subdivision (b)(1) and (3); (4) the trial court erroneously required Steshenko to furnish security in this action; (5) the trial court erred in issuing a new prefiling order in this action; and (6) the court otherwise erred in dismissing the instant action.[5]

We will first address the parties' requests for judicial notice. We will then set forth general legal principles regarding vexatious litigants and prefiling orders. For reasons that we will explain, we find Steshenko's failure to comply with the January 2021 prefiling order dispositive in this case.

---

[5] This court previously denied by order filed August 21, 2024, a motion by Steshenko to transfer this appeal to another court. To the extent Steshenko in his opening brief on appeal again requests that this appeal be transferred to another appellate court, we deny his request.

9

**A.** *Requests for Judicial Notice*

### 1. Steshenko's Request for Judicial Notice

We understand Steshenko to be requesting judicial notice of the following three documents that were filed in the trial court but not included in the record on appeal: (1) Steshenko's May 2, 2022 application to the presiding judge to permit the instant case to proceed in the trial court; (2) a May 2022 "Civil Filing Rejection Letter" from the court clerk, rejecting Steshenko's first amended complaint for filing; and (3) Steshenko's May 18, 2022 objection to the clerk's rejection letter and request to file the first amended complaint.

We will treat Steshenko's request for judicial notice as a motion to augment. (See Cal. Rules of Court, rule 8.155(a)(1)(A) [record may be augmented with a "document filed or lodged in the case in superior court"].) We grant the motion as to the first document (May 2, 2022 application) and the third document (May 18, 2022 objection). The second document, the May 2022 "Civil Filing Rejection Letter," is already contained in the record on appeal in volume 8 of the clerk's transcript at page 2218. Consequently, the motion to augment the record with this document is denied.

In sum, Steshenko's request for judicial notice is granted as to the May 2, 2022 application and the May 18, 2022 objection, and the request for judicial notice is denied as to the May 2022 "Civil Filing Rejection Letter."

### 2. College's Request for Judicial Notice

The College District, its board of trustees, and the individually named defendants request judicial notice of seven documents. The parties requested judicial notice of most of the same documents in the trial court, and the trial court granted those requests. As a result, most of the documents that the College District, its board of trustees, and the individually named defendants now seek judicial notice of are already contained in the record on appeal. They fail to explain why judicial notice is necessary in this court for any of the documents already contained in the record on appeal.

10

Regarding documents not contained in the record on appeal, " '[r]eviewing courts generally do not take judicial notice of evidence not presented to the trial court' absent exceptional circumstances. [Citation.]" (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2.) In this case, the College District, its board of trustees, and the individually named defendants fail to articulate exceptional circumstances warranting judicial notice of any document not already contained in the record on appeal. (See *ibid.*)

Accordingly, the request for judicial notice by the College District, its board of trustees, and the individually named defendants is denied in its entirety.

## B. *General Legal Principles Regarding a Vexatious Litigant*

"The vexatious litigant statutes [citations] are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants. [Citation.]" (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 (*Shalant*).) The vexatious litigant statutes provide various " 'means to counter misuse of the system by vexatious litigants.' " (*Id.* at p. 1170.) Those means may include an order requiring the plaintiff to furnish security and a prefiling order.

### 1. Order to Furnish Security

"[I]n pending litigation, 'the defendant may move for an order requiring the plaintiff to furnish security on the ground the plaintiff is a vexatious litigant and has no reasonable probability of prevailing against the moving defendant.' [Citations.] If the court finds in the defendant's favor on these points, it orders the plaintiff to furnish security in an amount fixed by the court. [Citation.] Failure to provide the security is grounds for dismissal. [Citation.]" (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1345; see §§ 391.1-391.4.)

### 2. Prefiling Order

A defendant may also move for a prefiling order, which " ' "operates beyond the pending case." ' " (*Shalant, supra*, 51 Cal.4th at p. 1170.) A prefiling order "prohibits

a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed."  (§ 391.7, subd. (a).)

Subdivision (b) of section 391.7 provides that "[t]he presiding justice or presiding judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay."

If the vexatious litigant does not first obtain permission for filing the litigation, then its filing is prohibited.  Specifically, subdivision (c) of section 391.7 states, "The clerk may not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding justice or presiding judge permitting the filing."

"If the clerk mistakenly files the litigation without the order, any party may file with the clerk and serve, or the presiding justice or presiding judge may direct the clerk to file and serve, on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order . . . .  The filing of the notice shall automatically stay the litigation.  The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of that notice obtains an order from the presiding justice or presiding judge permitting the filing of the litigation as set forth in subdivision (b)."  (§ 391.7, subd. (c).)

### 3.  Enforceability of a Trial Court's Prefiling Order While on Appeal

As a general rule, "the perfecting of an appeal stays [the] proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order . . . ."  (§ 916, subd. (a).)  As a result of this automatic stay, "[t]he trial court's power to enforce, vacate or modify an appealed judgment or order is suspended while the appeal is pending. [Citations.]"  (*Elsea v. Saberi* (1992) 4 Cal.App.4th 625, 629.)

12

However, there are exceptions to the automatic stay. "It is well settled that an injunction mandatory in character is automatically stayed on appeal and that a prohibitory injunction is not so stayed [citations] . . . ." (*Paramount Pictures Corp. v. Davis* (1964) 228 Cal.App.2d 827, 834 (*Paramount*); accord *Hayworth v. City of Oakland* (1982) 129 Cal.App.3d 723, 728 (*Hayworth*).) A "prohibitive order seeks to restrain a party from a course of conduct or to halt a particular condition. [Citation.]" (*People v. Mobile Magic Sales, Inc*. (1979) 96 Cal.App.3d 1, 13 (*Mobile Magic Sales*); accord, *People ex rel. Brown v. iMergent, Inc*. (2009) 170 Cal.App.4th 333, 342.) By contrast, "an injunction is considered to be mandatory where it requires affirmative action and changes the status quo. [Citation.]" (*Hayworth*, *supra*, at pp. 727-728.) "[T]he prefiling order contemplated by section 391.7, subdivision (a) [concerning vexatious litigants] is an injunction. It is, literally, an order requiring [the vexatious litigant] to refrain from doing a particular act—filing any new litigation without certain permission." (*Luckett v. Panos* (2008) 161 Cal.App.4th 77, 85, italics omitted (*Luckett*).)

## C. *Steshenko's Failure to Comply with the January 2021 Prefiling Order and the Denial of Permission for Him to File the Instant Action Required Dismissal of the Instant Action*

The January 2021 prefiling order issued in Steshenko's prior civil action expressly "prohibited" him "from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed." The January 2021 prefiling order is prohibitory in nature because it restrains Steshenko from changing the status quo by filing new litigation without permission. (See *Luckett*, *supra*, 161 Cal.App.4th at p. 85; *Mobile Magic Sales*, *supra*, 96 Cal.App.3d at p. 13.) Consequently, the automatic stay that went into effect upon his appeal in that prior action did not operate to stay the January 2021 prefiling order. (*Paramount*, *supra*, 228 Cal.App.2d at p. 834; *Hayworth*, *supra*, 129 Cal.App.3d at p. 728.)

13

Since the January 2021 prefiling order was not automatically stayed, Steshenko was prohibited by that order from filing the instant action in November 2021 without permission. The trial court in the instant action found that (1) Steshenko did not receive approval from the presiding judge before filing the instant action, and (2) Steshenko's subsequent request to file new litigation was denied by the presiding judge on January 16, 2024. The court thus ordered the instant case "dismissed as to all named defendants." Having filed the instant action without permission, the instant action was subject to dismissal. (§ 391.7, subd. (c).) We therefore determine that the court did not err in dismissing the instant action based on the January 2021 prefiling order.

We understand Steshenko to contend that the instant action was not filed in violation of the prefiling order. He argues that the trial court, through the court clerk, allowed the complaint and the first amended complaint to be filed. Steshenko contends that "[t]his would not have been done if the case was filed improperly."

We are not persuaded by Steshenko's argument. Section 391.7, subdivision (c) contemplates that a vexatious litigant subject to a prefiling order might cause new litigation to be filed in violation of the prefiling order by failing to obtain permission from the presiding judge. Such "mistakenly file[d]" litigation is still subject to dismissal if the vexatious litigant fails to thereafter obtain an order from the presiding judge permitting the filing of the litigation as set forth in subdivision (b) of section 391.7. (*Id.*, subd. (c).) In this case, the trial court found that (1) Steshenko did not obtain permission before filing the instant action and (2) he was denied permission when he finally requested leave pursuant to section 391.7, subdivision (b) after the action was already filed. (See *id.*, subds. (b) & (c).) Under these circumstances, the court did not err in dismissing Steshenko's action. (*Id.*, subd. (c).)

**D.** *June 2024 Order Requiring Steshenko to Furnish Security*

As we have just explained, the instant action was properly dismissed by the trial court based on the prior January 2021 vexatious litigant finding and prefiling order. In

14

view of this conclusion, the issue of whether the trial court's alternative ground for dismissing the action was proper—that is, the June 2024 order requiring Steshenko to furnish security and his failure to furnish such security—is moot.

**E.** ***June 2024 Vexatious Litigant Finding and Prefiling Order***

In June 2024, the trial court in the instant action made a new finding that Steshenko is a vexatious litigant and issued a new prefiling order. As Steshenko was already subject to the January 2021 prefiling order and did not obtain permission to file the instant action, the instant action should not have been filed. (§ 391.7, subds. (a)-(c).) After the instant action was filed (despite the January 2021 prefiling order), the action should have been automatically stayed upon the College District filing a notice of prefiling order on December 8, 2021. (§ 391.7, subd. (c).) Thereafter, the instant action should have been automatically dismissed in December 2021 based on Steshenko's failure to obtain permission to file the litigation within 10 days of the filing of the notice. (*Ibid.*)

Under these circumstances, we will strike the June 2024 orders in the instant case (1) finding Steshenko is a vexatious litigant and (2) requiring Steshenko to obtain leave before filing new litigation. Although we are striking these orders issued in the instant case, Steshenko continues to be designated as a vexatious litigant and continues to be subject to a prefiling order pursuant to the January 2021 orders issued in his prior action, *Steshenko v. Foothill-De Anza Community College District et al.* (Super. Ct. Santa Clara County, 2019, No. 19CV360490).

### III.  DISPOSITION

The June 2024 orders declaring Steshenko to be a vexatious litigant and requiring him to obtain leave before filing new litigation (prefiling order) are hereby stricken. As so modified, the judgment of dismissal is affirmed. The parties shall bear their own costs on appeal. This disposition leaves intact and does not change the January 2021 orders issued in Steshenko's prior litigation, *Steshenko v. Foothill-De Anza Community College*

*District et al.* (Super. Ct. Santa Clara County, 2019, No. 19CV360490), in which Steshenko was declared to be a vexatious litigant and subject to a prefiling order.

_____
Greenwood, P. J.

WE CONCUR:

_____
Grover, J.

_____
Rodriguez, J.*

H052324
Steshenko v. Board of Trustees of Foothill-De Anza Community College District et al.

_____
    * Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

| | |
|---|---|
| Trial Court: | Santa Clara County<br>Superior Court No.: 21CV391490 |
| Trial Judges: | The Honorable William J. Monahan<br>The Honorable Socrates Peter Manoukian<br>The Honorable Drew C. Takaichi |
| Attorney for Plaintiff and Appellant<br>GREGORY STESHENKO: | In pro per |
| Attorneys for Defendants and<br>Respondents<br>BOARD OF TRUSTEES OF<br>FOOTHILL-DE ANZA<br>COMMUNITY COLLEGE<br>DISTRICT, FOOTHILL-DE ANZA<br>COMMUNITY COLLEGE<br>DISTRICT, PATRICK J. AHRENS,<br>LAURA CASAS, PEARL CHENG,<br>PETER LANDSBERGER, GILBERT<br>WONG, and SHINNY DUONG: | Roy A. Combs<br>David R. Mishook<br>Alia El Radi<br>Katherine Yoshida<br>Fagen Friedman and Fulfrost, LLP |

H052324
Steshenko v. Board of Trustees of Foothill-De Anza Community College District et al.